BANK OF THE STATE OF MISSOURI, Appellant, *v.* C. D. BRAY *et al.*, Respondents.

1. *Executions—Levy—Sale—Lands.*—The levying of an execution upon lands after the return day of the writ, and a sale made upon such levy, are void acts, and the purchaser takes no title; but when the levy is made during the life of the writ, the sale may be made after its return day. (R. C. 1855, p. 748; Acts 1863, p: 20, § 2.)
2. *Judgment—Process.*—Where process has been served upon a defendant, and judgment by default entered, the court cannot at a subsequent term, upon the mere suggestion of defendant, set aside the judgment upon the ground of defective service of process.

*Appeal from Greene County Probate and Common Pleas Court.*

*E. B. Ewing*, for appellant.

The court erred in setting aside the judgment. The record shows service on the respondent by delivering copy of the petition and writ to him October 6, 1862. It is not conceived how the court, in the face of the record on a mere motion, without any allegation or evidence impeaching the return of the officer, (even if it were competent to the respondent to do so in this form of proceeding,) could set aside the judgment on the ground alleged.

The motion to set aside the judgment was too late, not having been made at the term at which it was rendered. If the judgment had been taken without notice, as alleged, this would not be a mere irregularity, which could be corrected, by motion, after the term at which it was rendered; but the judgment would be absolutely void, not merely voidable.

The cause alleged for setting aside the sale and quashing the execution, is that the sale was made after the return day of the execution, and that the execution was *functus officio*. This is error. (Local Acts 1855, pp. 58–9, § 9; Session Acts, 1863, p. 20, § 2.)

WAGNER, Judge, delivered the opinion of the court.

Appellant obtained judgment against Stone and others on

a bill of exchange, in the Probate and Common Pleas Court of Springfield, at the May term of said court, 1863. Execution issued on said judgment, returnable to the next succeeding November term, directed to the sheriff of Christian county. The sheriff levied on the property of Stone on the 4th day of February, 1864, and sold the same on the 8th day of March thereafter, when the Bank and one Davidson became the purchasers. At the May term succeeding, Stone filed his motion to set aside the sale made by virtue of the execution, and to quash the same, and also to set aside the judgment as to him for the following reasons : 1. The court had no jurisdiction of the person of the defendant, he not having been summoned ; 2. There was no legal summons issued in said case ; 3. Defendant was not served with process. And he further asked that the said sale be set aside for the following additional reasons : 1. Because it was made after the return day of the execution ; 2. That the execution was *functus officio*.

The court sustained the motion, quashed the execution, and set aside the sale and judgment ; to which action of the court appellant excepted, and appealed to this court.

It appears from the record that the *fieri facias* was made returnable at the November term of the court, 1863, and that no levy was made under and by virtue of the same until February, 1864. The writ was then *functus officio ;* it had spent its force, and all proceedings under it were null and void.

The doctrine of *caveat emptor* applies in sales of this description, and the purchaser will be required at his peril to see that he purchases under an execution sufficient to give him a good title.

The act of 1863, (Session Acts, p. 20, § 2,) and the 54th section of the "Act regulating executions" (R. C. 1855, p. 748), have reference only to cases where levies have been made on valid subsisting executions ; but as here the levy was not made while the execution was in force, they cannot be invoked to support and uphold the sale.

We see no error committed in setting aside the sale ; but

upon what ground the court went further and set aside the judgment, we are wholly unable to perceive.

The sheriff's return, as appears of record, shows that Stone was duly served with process, and for aught that appears it seems that the court took his simple statement to the contrary, and allowed it to contradict and overturn the verity of the record. It is, indeed, surprising strange how a court, in the face of the record, without any allegation or evidence impeaching the return of the officer, could set aside the judgment, as was done in the court below. We do not wish to be understood as intimating, however, that the return can be invalidated, or taken advantage of, even if false, in a proceeding of this character.

For the error of the court in setting aside the judgment, the judgment in this case is reversed and the cause remanded. The other judges concur.