THE CITY OF JEFFERSON, *Plaintiff in Error*, v. CURRY.

1. **Execution.** A sale under an execution which was not levied until after the return day is void.
2. ———. The City of Jefferson has power under her charter, (Acts 1872, p. 390, ¿ 1,) to buy in land sold at execution sale for taxes due the city.

*Error to Cole Circuit Court.*—HON. G. W. MILLER, Judge.

AFFIRMED.

At the January term, 1878, of the Cole circuit court, a special judgment was rendered in favor of the City of Jefferson and against the defendant, Curry, for certain taxes due on two lots of ground. The taxes were adjudged to be a lien on the lots. On the 11th day of March, 1878, a special execution was issued, made returnable to the next May term of court. This execution was not delivered to the sheriff until the 23rd day of the following November. On the same day he levied upon the lots, and on the 23rd of the following month sold them at public sale to the city. Defendant then filed a motion to quash the execution and to vacate and set aside the sale, which motion was sustained, and the city sued out this writ of error.

*J. R. Edwards* for plaintiff in error.

*Ewing, Pope & Hough* for defendant in error.

NAPTON, J.—The only point necessary to be determined in this case is whether a sale of two lots under an execution issued on the 11th day of March, 1878, returnable to the May term of the same year, which was never

delivered to the sheriff, until November 23rd, 1878, and of course never levied until after the expiration of the return day, was properly quashed by the circuit court.

The lots were purchased by the city under this execution upon a judgment creating a special lien on them for the taxes due. One of the grounds for quashing the execution and declaring the purchase and deed void, was that the city had no power to purchase, but this was ruled otherwise in *Chambers v. City of St. Louis*, 29 Mo. 576, and *McIndoe v. City of St. Louis*, 10 Mo. 576; and the case of *Ray County to use of, &c., v. Bentley*, 49 Mo. 236, does not conflict with these decisions. Indeed in the first named case it was observed by Judge Scott: "Whether these lands are necessary for the corporation is a question that can only arise in a proceeding instituted by the State against the city for abusing her right to purchase lands. The city had a power to purchase; if that power has been exceeded, then her charter has been violated and may be forfeited in a suitable proceeding, and until that is done, she will hold the land."

As the execution was a nullity in this case, never having been levied until after the return day, the court properly quashed the proceedings under it, and the judgment must be affirmed. The other judges concur.