WILLIAM H. HUFFMAN *et al.*, Respondents, v. ALBERT SISK, Appellant.

St. Louis Court of Appeals, May 7, 1895.

1. **Justices' Courts**: ISSUE AND LIEN OF EXECUTION. 'An execution, issued by a justice of the peace prior to the entry on his docket of the amount of the debt, damages and costs, in accordance with the statutory requirement, is void, and the delivery of it to the constable, therefore, creates no lien.

2. **Garnishment**: JURISDICTION OVER DEBT. A strict compliance with statutory requirements is essential in garnishment proceedings to jurisdiction over the debt sought to be reached.

*Appeal from the Pemiscot Circuit Court.*—HON. HENRY C. RILEY, Judge.

AFFIRMED.

*C. P.* and *J. D. Johnson* for appellant.

(1) The judgments in the attachment cases were irregular, not void. *Rosenheim v. Hartsock*, 90 Mo.

357; *Karnes v. Alexander*, 92 Mo. 660; *Burnett v. Mc-Cluey*, 92 Mo. 230; *Leonard v. Sparks*, 117 Mo. 103; *Collins v. Kamman*, 55 Mo. App. 464. The case at bar is a collateral proceeding, so far as the prior attachment suits now under review are concerned, so that, even if the judgments in the attachment cases are irregular, they can not be impeached collaterally on account of such defects. *Childs v. Shannon*, 16 Mo. 331; *Bernecker v. Miller*, 44 Mo. 102; *McDonald v. Frost*, 99 Mo. 44; *Karnes v. Alexander*, 92 Mo. 660; *Milner v. Shipley*, 97 Mo. 109. It is only when the judgments are void that they can be attacked or questioned collaterally. *McNair v. Biddle*, 8 Mo. 257; *Abbott v. Sheppard*, 44 Mo. 273; *Higgins v. Peltzer*, 49 Mo. 152. (2) The executions, when received by the constable, became liens on the property in controversy, and plaintiffs' after-acquired title, if any they had any, was subject to such liens. R. S. 1889, sec. 6305; *Brown v. Burns*, 8 Mo. 26; *Gott v. Williams*, 29 Mo. 461; *State v. Blundin*, 32 Mo. 387.

*C. B. Faris* for respondents.

A judgment of a court having no jurisdiction over the person or the subject-matter of the suit, is void and a nullity, and may be attacked collaterally. *Fletcher v. Wear*, 81 Mo. 524; *Mosher v. Banking House*, 6 Mo. App. 599; *Brown v. Woody*, 64 Mo. 547; *Babb v. Bruere*, 23 Mo. App. 604; *Howard v. Thornton*, 50 Mo. 291; *Meyer v. Hortman*, 14 Mo. App. 30; *McNair v. Biddle*, 8 Mo. 257; *Abbott v. Sheppard*, 44 Mo. 273; *Higgins v. Peltzer*, 49 Mo. 152; *Railroad v. Reynolds*, 89 Mo. 146. A garnishee can not do anything which will affect the rights of third persons, and, if he be not legally served with process, nothing is attached in his hands; and he can not waive a right relating to the property

or credit of another. *Connor v. Pope*, 18 Mo. App. 86; *Gates v. Tusten* 89 Mo. 13; *Swallow v. Duncan*, 18 Mo. App. 622; *Epstein v. Salorgne*, 6 Mo. App. 352; *Farmer v. Medcap*, 19 Mo. App. 253. Jurisdiction over the subject-matter can not be conferred by consent; *a fortiori*, not by a mere waiver. *Stone v. Corbett*, 20 Mo. 350; *Dodson v. Scroggs*, 47 Mo. 285; *Cones v. Ward*, 47 Mo. 289; *Houler v. Campbell*, 8 Mo. 572. In this case garnishees were not a corporation, but were co-partners merely, and both should have been summoned. Service on one did not carry with it notice to the other. Parsons on Partnership [3 Ed.], sec. 172, note "w"; *Maclay v. Freeman*, 48 Mo. 234; *Holt v. Harmon*, 59 Mo. 165; *Tay v. Hawley*, 39 Cal. 93; *Holland v. Johnson*, 80 Mo. 34; *Dugge v. Stumpe*, 73 Mo. 513. The judgments in the attachment suits and the executions issued thereunder were void. *Loth v. Faconeswich*, 22 Mo. App. 68; R. S. 1889, sec. 6305; *Herndon v. Hawkins*, 65 Mo. 265.

ROMBAUER, P. J.—The action is replevin. The defendant is a constable, and holds the property claimed under two executions issued against plaintiffs' vendors. It is conceded, on the one hand, that the plaintiffs bought the property from the debtors in the execution after such executions were delivered to the constable, and it is conceded, on the other hand, that the plaintiffs' title is good, unless they took the property subject to the lien of the two executions. The cause was tried by the court without a jury on an agreed statement of facts, the trial resulting in a judgment for plaintiffs. No instructions were asked or given. The contention of the appellant is that, under the facts agreed, his title under the executions is superior to that of the plaintiffs.

Section 6305 of the Revised Statutes of 1889 pro-

vides: "Before any execution shall be delivered, the justice shall state *in his docket* and also on the back of the execution *an account of the debt, damages and costs,* * * * and the execution from the time of delivery to the constable shall be a lien on the goods, chattels and shares in stocks of the defendant found within the limits within which the constable or other officer can execute the process * * *."

The justice's docket entries, which form part of the agreed case, show that this was not done prior to the delivery of the executions in question. This, of itself, would render such executions void. *Loth v. Faconesowich,* 22 Mo. App. 68, 73, and cases cited. A lien created by a delivery of an execution, without any docket entry showing the amount for which the lien is created, would be a secret lien, and such liens are not favored in the law. The issue of the execution being unauthorized, its delivery to the constable could create no lien.

The agreed case states that the plaintiffs bought the property claimed from the *firm* of Willis & Willis Company. The executions under which the defendant claims were issued in garnishment proceedings against the *Willis & Willis Company.* The constable's return in the garnishment proceedings recites: "Executed this writ by garnishing Willis & Willis, a company, D. E. Willis, manager, and by serving him with a notice of garnishment, and by attaching the following goods and chattels of the defendant, and by declaring to —— on the fourteenth of May, 1893, in the county of Pemiscot, that I did summons Willis & Willis, as garnishee, to appear before the within named justice at his office on the return day of this writ, to answer such interrogatories as may be put to them by the justice, by reading to them this writ of attachment."

VOL. 62—26

The recitals in the justice's transcript show that D. E. Willis, manager, was called into court and interrogatories were put to *him*. They then state: "The answer of *D. E. Willis, garnishee*, being taken up for consideration, and, the justice being fully advised, doth find for the plaintiffs in the sum of $245.95 for the debt, and $4.63 interest, together with their costs in this behalf expended against the Willis & Willis Company, garnishees, and that they have execution therefor."

We conceive that on no admissible theory do these recitals show any jurisdiction in the justice to render the judgments on which these executions issued. We concede that the appearance of a defendant is a waiver of defects of service as to his person, but here the question was one of jurisdiction over a debt, to which the jurisdiction over the person is merely incidental. A strict compliance with statutory requirements was essential to give the justice jurisdiction over the debt, and, as was said in *Norvel v. Porter*, 62 Mo. 309, 312, in this class of cases jurisdiction over the debt and person are inseparable. Jurisdiction over the subject-matter is not subject to waiver. *Brown v. Woody*, 64 Mo. 547. But, even if all these obstacles to the validity of the judgment were surmountable, another fatal objection still remains. It nowhere appears that the members of the firm of Willis & Willis Company, or that any member of that firm, was either summoned or appeared before the justice. The person summoned is D. E. Willis, manager. The person who appeared and answered is D. E. Willis, manager. It nowhere appears that D. E. Willis was either a member of the firm of the Willis & Willis Company, or that he had any authority whatever to answer for them. How these proceedings can support a judgment against the Willis & Willis Company is not conceivable.

The appellant suggests that the judgment should be reversed and the cause remanded, so as to enable him by an amendment of the various returns and entries to show that the justice had jurisdiction of the members of the firm of the Willis & Willis Company. We have fulfilled our *whole* duty, when we decide upon the record before us the judgment is not erroneous. Whether a different judgment could be rendered upon a different record is mere matter of speculation wholly foreign to the present inquiry. No attempt was made to amend the returns and entries before the trial of the cause, nor can we see how such amendments would have been permissible, as the members of the Willis & Willis Company are not parties to this litigation.

All the judges concurring, the judgment is affirmed.