KANSAS & TEXAS COAL COMPANY, Plaintiff, v.
JOSHUA A. ADAMS et al., Respondents;
MILAM & MILLER, Appellants.

**Kansas City Court of Appeals, April 27, 1903.**

1. **Garnishment: SEQUESTRATION OF DEBT: NOTICE: RETURN.**
A return on a notice of garnishment which fails to show that the
officer declared to the garnishee that he attached in his hands the
credits of the execution defendant, is insufficient to bring the *res*
into court and thereby give it jurisdiction.

2. ————: **EXECUTION: RETURN: NOTICE.** Where there are two
returns by the officer, one on the execution showing a valid garnish-
ment, and the other on the notice to the garnishee showing an
invalid one, the former controls and can not be contradicted by the
latter.

3. **Justices' Courts: EXECUTION: STATEMENT OF COSTS: GAR-
NISHMENT: JURISDICTION.** Where a justice on issuing an
execution fails to comply with section 4037, Revised Statutes of
1899, by stating on his docket and the back of the execution the
amount the debt, damages, costs and fees, and the rate of interest,
such execution is void; and a formal service of garnishment on a
garnishee is ineffective to bring the debt into court and confer
jurisdiction.

4. **Garnishment: JURISDICTION: ASSIGNMENT OF JUDGMENT:
INTERPLEADER.** Where judgment plaintiffs take out a void exe-
cution and attempt to garnishee a judgment debtor of the execution
defendant, such plaintiffs can not assail an assignment of the said
judgment to a third party, and the errors of the trial court in
disposing of the bill of interpleader are not    prejudicial to such
judgment plaintiff.

Appeal from Adair Circuit Court. — *Hon. Nat. M.
Shelton*, Judge.

AFFIRMED.

*W. W. Cox* and *Guthrie & Franklin* for appellants.

(1)     There was no equity in plaintiff's bill. The
matters therein set up could have been pleaded in the

company's answer in the garnishment either originally or by supplemental answer or amendment. They could have been shown on the trial by Adams and Matthews & Company just as they were on the trial of this cause. The remedy was ample at law and the appellants would have been entitled to a jury on the issues. The court, therefore, had no jurisdiction as the remedy was ample and direct at law. Secs. 3459 and 3473, R. S. 1899; Humphrey v. Milling Co., 98 Mo. 542; Sec. 2541, R. S. 1897; Benton County v. Morgan, 163 Mo. 661; Bank v. Packing Co., 138 Mo. 59. (2) The assignment is for the whole judgment with a secret understanding that the excess is to be paid back. It is for the use and benefit of the assignor. The large excess makes it void. Implement Co. v. Jones, 143 Mo. 253; State ex rel. v. Hardware Co., 147 Mo. 366; Grocer Co. v. Carlson, 67 Mo. App. 179.

*R. S. Matthews, Otho F. Matthews* and *Robt. W. Barrow* for respondent.

(1) There was no such garnishment on the Kansas & Texas Coal Company as would bring the Kansas & Texas Coal Company into justice court. Nothing is said or done to the Kansas & Texas Coal Company but delivering to R. W. Vail a copy of the summons. Sec. 388, R. S. 1899; Norvell v. Porter, 62 Mo. 309; Fletcher v. Wear, 81 Mo. 524; Dunn v. Railroad, 45 Mo. App. 29. (2) If garnishee is not legally served the proceedings are void. Fletcher v. Wear, 81 Mo. 524. (3) If garnishee is not served according to law, the appearance of garnishee in court confers no jurisdiction on the court that will in any way affect a third party. A garnishment proceeding is in its nature a proceeding *in rem*. Huffman v. Sisk, 62 Mo. App. 402; Norvell v. Porter, 62 Mo. 309; Dunn v. Railroad, 45 Mo. App. 29; Gates v. Tuesten, 89 Mo. 13. (4) A garnishment, even if in due form and with proper service,

under the statutes is void if a *fieri facias* has not first been issued. Sec. 3434, R. S. 1899. The garnishment is void because not supported by an execution. The service of summons to garnishee should be returned and indorsed on back of summons. Hackett v. Gihl, 63 Mo. App. 447. (5) "Before any execution shall be delivered, the justice shall state in his docket, and also on the back of the execution, an account of the debt, damages and costs." If said entries are not made the execution is void. Huffman v. Sisk, 62 Mo. App. 401, and cases cited. Brown v. Woody, 64 Mo. 547; Gates v. Tuesten, 89 Mo. 14. (6) The execution is the foundation of a garnishment; as in this case. The foundation is a nullity—it follows that the garnishment is a nullity.

SMITH, P. J.—It appears from the record in this case that Adams—the respondent here—entered into a contract with Matthews & Matthews and Barrow, who were attorneys, whereby they agreed to bring and prosecute an action for him against the Kansas & Texas Coal Company—hereafter referred to as the coal company—to recover damages for personal injuries sustained by him on account of the negligence of said coal company, and that they were to receive as a compensationtion for their services forty per cent of whatever amount they succeeded in recovering. Accordingly, the action was brought and on April 19, 1899, a judgment for five hundred dollars was recovered. On May 1, 1899, Adams made a formal assignment of the judgment on the margin of the record thereof to his attorneys, the two Matthews and Barrow. On April 26, 1899, Milam & Miller, appellants, caused the coal company to be garnisheed on an execution which had been issued on a judgment recovered by them before a justice of the peace against Adams. On December 13, 1900, a judgment was given by the justice against the garnishee coal company, from which it took an appeal. About

this time the assignors of the Adams judgment wrote
to the attorney of the coal company notifying him of
the assignment of the judgment to them. The coal company thereupon brought a suit in equity against Adams,
the assignees of the judgment and Milam & Miller and
in the petition the facts relating to the two litigations
were alleged to be substantially as has been hereinbefore stated by us, coupled with the further allegation
that the coal company was placed in a position where it
could not safely pay any or all of the defendants, or
any of said judgment, and was in danger of suffering
great loss and injury if it undertook to determine for
itself where the right of the matter was; that is to say,
to which of the defendants payment should be made;
that it was threatened with the issue of execution on
each of said judgments against it, and that it had no
adequate remedy at law; and it therefore prayed to be
permitted to pay the $500 with interest into the registry
of the court, and that process issue against each of the
defendants requiring them to interplead so as to determine where the right to said fund rested; and that a
temporary injunction issue (1) against defendant
Adams to restrain the issue of an execution on his judgment against plaintiff; (2) against defendant Matthews
to restrain him from asserting any claim under said
judgment by reason of the assignment thereof; and (3)
against Milam & Miller to restrain them from issuing
an execution on the justice's judgment, and from proceeding with said cause in the circuit court.

On January 17, 1901, pursuant to notice, the defendants appeared before the judge of the circuit court
during vacation and upon the hearing of the petition
a temporary injunction was awarded. Each of the
defendants filed an interplea.

The defendants Milam & Miller in their separate
interplea alleged (1) that they recovered a judgment
before a justice of the peace against Adams for $92,
and that on April 18, 1899, they caused an execution to

be issued thereon which was put in the hands of a constable, who, on April 26, 1899, attached in the hands of the coal company all debts due from it to said Adams, and especially said $500 judgment; (2) that subsequently, on December 13, 1900, judgment was given in favor of defendants herein against said garnishee coal company. The defendants further alleged they had a prior lien on said $500 judgment over and above the assignees thereof, the two Matthews and Barrow, and that the assignment under which the latter claim was made only to secure to them a certain per cent thereof as fees, and that said assignment, therefore, operated as and was a fraud upon the defendants, whether so intended or not, as it served to hinder, delay and defraud them in collecting their said debt, and so said assignment as to them was fraudulent and void since it was excessive and covered up, concealed and removed from the ordinary process of law the property of Adams. Wherefore, they prayed that the court direct that the proceeds of the said $500 judgment be first applied to the satisfaction of their justice's judgment, etc.

In the interplea and motion to dissolve filed by the two Matthews and Barrow, they alleged the facts to be as stated by us at the outset in respect to their contract with Adams for the bringing and prosecution of the suit against the coal company, and the payment of the forty per cent of the amount recovered; the subsequent assignment of the judgment to them, and that they were the rightful legal holders of the said judgment. It was also therein further alleged that after the payment of the amount due them under said contract of assignment that the balance remaining would be due defendant Adams. It was also therein still further alleged that the said garnishment proceedings against the coal company in the justice's judgment was void and inoperative.

The interpleas were all controverted by separate replications. In that of Milam & Miller to the interplea of Adams it is charged that the assignment by Adams to his attorneys was fraudulently made to hinder, delay and defraud the creditors of Adams, and especially them, the said Milam & Miller, and that the assignment of the entire judgment when only forty per cent was owing the assignees, rendered it fraudulent and void.

The court heard the proof offered under the various issues made by the pleadings in the interplea proceedings and found "that the summons to garnishee was issued April 25, 1899, and attempted to be served April 25, 1899; that the attempted execution upon which attempted garnishment was supposed to be bottomed was issued May 8, 1899. The court further finds that said attempted garnishment proceedings were not legally instituted or served and that no judgment against the Kansas & Texas Coal Company could be had upon the said garnishment proceedings. The court further finds that Matthews, Matthews & Barrow had a just lien upon the judgment of Adams against the Kansas & Texas Coal Company for their fee in prosecuting suit. The court further finds that Joshua A. Adams is the head of a family and that he claims said balance of judgment under the exemption laws in such cases made and provided by law, and that he is rightly entitled to same and that the same is exempt from execution. It is further adjudged by the court that Milam & Miller take nothing by their interplea," etc.

If the garnishment proceedings on the execution in favor of Milam & Miller against Adams were so irregular as to be insufficient to bring the *res,* the debt of record, into court so as to authorize a judgment against the garnishee, the coal company, then they, Milam & Miller, have no *locus standi*—no right to call in question the validity of the assignment of the judgment. If there was no constructive seizure of the credit

—no declaration of sequestration—then there could be no rightful jurisdiction conferred upon the justice to make the order for the payment which bound the hands of the garnishee coal company. The return of the constable indorsed on the notice of garnishment was: "I hereby certify that I delivered a true copy of the within summons to R. W. Vail, cashier of Kansas & Texas Coal Company, other chief officers being absent, said Vail being found in charge of their office, attaching in his hands the money of said defendants on the 26th day of April, 1899, in the town of Bevier, county of Macon and State of Missouri.

"A. E. RILEY, Constable."

The statute (sub. 5, sec. 388, R. S. 1899), in relation to the manner of serving writs of attachment provides that "when the credits of the defendant are to be attached, the officer shall declare to the debtor of the defendant that he attaches in his hands all debts due from him to the defendant, or so much thereof as shall be sufficient to satisfy the debt, . . . and summon such debtor as garnishee." And the service of a garnishment under an execution is the same as that under an attachment. Sec. 3434, R. S. 1899. It does not appear from the return of the constable just referred to that he made the declaration to the garnishee required by the statute just quoted. This statutable declaration of sequestration to the garnishee takes the place of manual seizure on account of the intangibility of the cerdits there referred to. It constitutes constructive seizure of the credits. The return fails to show that the constable made the declaration required by the said statutory provision which was essential to bind, in the hands of the garnishee, credits of the execution defendant. It was wholly insufficient to bring the *res* into court so as to authorize a judgment against the garnishee. On the face of the return the court acquired no jurisdiction of the *res*. Grocer Co. v. Carlson, 67 Mo. App. 179; Hackett v. Gihl, 63 Mo. App. 447; Dunn

v. Ry. Co., 45 Mo. App. 29; Fletcher v. Wear, 81 Mo. 525; Norvell v. Porter, 62 Mo. 309.

But it is contended that the constable's return on the execution makes the declaration required by the statute and that this conferred the requisite jurisdiction for the court to proceed to condemn the *res.* The return on the writ of execution and not on the notice of garnishment is the proper place for the return of the constable. If a constable to whom an execution is intrusted for service makes two returns, as here, one on the execution showing a valid and sufficient garnishment, and another on the notice to the garnishee showing an invalid and insufficient garnishment, the former will control. It has been held that where there are two returns where the converse of what has just been stated is the fact, that the defective return in the execution can not be helped or validated by the return indorsed on the notice of garnishment. Todd v. Railway, 33 Mo. App. 110; Hackett v. Gihl, supra. And from this we think it must follow that the return on the execution showing that the garnishee was notified by the constable in the manner required by the statute can not be overthrown or displaced by showing what purports to be a copy of the notice of garnishment and the return thereon indorsed by the constable. The return on the execution being regular and complete on its face is not open to collateral attack. The return on the writ, we must think, was sufficient to confer upon the court jurisdiction of the *res.*

But it is urged that the writ itself was void. The statute (sec. 4037, R. S. 1899) requires that "before any execution shall be delivered the justice shall state on his docket and also on the back of the execution an account of the debt, damages and costs, and of the fees due to each person, and the rate of interest on the judgment, separately." The docket of the justice who issued the execution now in question does not show the statement

Vol 99 app—31

required by the statute just quoted. This rendered the execution void. Such an execution can create no lien. Loth v. Faconesowich, 22 Mo. App. 68; Huffman v. Sisk, 62 Mo. App. 398. Garnishment is a direct proceeding against a debt of the defendant in the hands of the garnishee and is substantially analogous to the lien acquired by a levy of an execution on tangible property. Rood on Garnishment, secs. 192, 193; Shinn on Attach. and Garnish., sec. 47. If a void execution is not a lien on tangible property, as held in Huffman v. Sisk, ante, it would seem clear that it would not be a lien on intangible property—as, for instance, the credits of the execution defendant. It is difficult to see how a garnishment on a void execution would be any more effective to confer jurisdiction of the *res* than that on a valid writ, where there is no declaration of sequestration: for in a garnishment proceeding it is essential to jurisdiction that there be not only a writ, but a valid writ. Waples on Attach. and Garn., p. 28, sec. 2.

The service of the notice of garnishment was doubtless sufficient to give the court jurisdiction of the person of the garnishee, but the question here is one of jurisdiction over the debt to which that over the person is merely incidental. In a case of this kind jurisdiction over the · person and debt is inseparable. Norvell v. Porter, 62 Mo. 309, Huffman v. Sisk, ante. If the execution was void there could be no effective service of it. If it attached nothing in the hands of the garnishee, nothing done by him could affect the rights of others. Gates v. Tuesten, 89 Mo. 13 (l. c. 21, 22), and authorities there cited. It is our conclusion that the justice was without jurisdiction to order the garnishee, the coal company, to pay the execution of Milam & Miller against Adams.

As the judgment of the justice against the garnishee coal company was rendered without jurisdiction, and as Milam & Miller acquired by their garnishment proceeding no lien on or right to have any part of the debt due by the coal company to Adams applied to the

satisfaction of their said justice's execution, they are in no position to question the validity of the assignment of the judgment to the two Matthews and Barrow, nor the right of Adams to the excess of the amount collected on the judgment after the payment of the forty per cent and costs due the said assignees. If there were any errors committed by the court during the progress of the trial they were not prejudicial to Milam & Miller since they had no standing in the case and no right to complain of such errors. This being so, we are not required to consider the other questions discussed by counsel in both their briefs and here at the bar.

We think the decree was proper and should accordingly be affirmed, and it is so ordered. All concur.