B. M. HOPKINS, Appellant, v. WALTER HENSON, Defendant, D. R. LUCAS and RAY BARNEY, Garnishees, Respondents.

Springfield Court of Appeals, August 10, 1920.

1. **JUSTICES OF THE PEACE: Return Not Showing Declaration of Officer Gives No Jurisdiction, Regardless of Appearance.** Revised Statutes 1909, section 2316, subdivision 5, requiring an officer serving a garnishment summons to declare to garnishees that be attaches in his hands all debts due from him to defendant is applicable to proceedings in a justice court (section 7654) and where the officer's return failed to show such declaration by the sheriff or his deputy, the return was wholly insufficient to give the justice jurisdiction of the *res*, and it is no answer to such defect that garnishees appeared in justice court after their motion to dismiss was overruled, and fought out the issue on the merits, since the justice was without jurisdiction.

2. **GARNISHMENT: Amendment of Return of Summons Allowable Only to Correct Mistakes.** Revised Statutes 1909, section 1848, providing for amendments in furtherance of justice before final judgment to correct mistakes so as to conform to facts, does not authorize an officer to amend as a matter of course, and amendment of return of a garnishment summons rests in court's sound discretion.

Appeal from Circuit Court of Stoddard County.—*Hon. W. S. C. Walker,* Judge.

AFFIRMED.

*W. E. Edmonds* and *Wammack & Welborn* for appellant.

(1) The power of the court to permit an officer to amend his return should be exercised by the court where it will be in furtherance of justice. R. S. 1909, sec. 1848; Feurt v. Caster, 174 Mo. 289; Scruggs v. Scruggs, 46 Mo. 271; Trust Company v. Enright et al., 162 Mo. App. 162; Smoot v. Judd, 184 Mo. 508; Kauhn v. Mercantile Town Mutual Insurance Co., 228 Mo. 585; Priest v. Capitain, 236 Mo. 446. (2) The matter complained of by the garnishees appears on the face of the return and should have been made by motion to quash their term and by filing their answer to the interrogatories of the plaintiff, the same was waived by the garnishees. Especially where as in this case the defendant who is the owner of the property, if any, in the hands of the garnishees has been duly served and has filed no pleas in abatement to the attachment but has confessed judgment. Engraving Company v. Railroad, 146 Mo. App. 463; Bush v. Block and Titus, 193 Mo. App. 713; Hill v. Barton, 194 Mo. App. 333; Stoneware Co. v. Spring Co., 172 Mo. App. 696; Dodge v. Knapp, 112 Mo. App. 513; Marx v. Hart, 166 Mo. 503; Potter v. Whitten, 161 Mo. App. 130. (3) When the respondents took and perfected their appeal from the justice court this must be taken and considered by the appellate court as an enterance of appearance. R. S. 1909, secs. 7568 and 7579.

*George Munger* for respondents.

(1) An officer may amend a defective return so as to confer jurisdiction on the court where there would be no jurisdiction under the original return, but. (a) It must

be done by leave of court. Stewart v. Stringer, 45 Mo. 113; Feuert v. Carter, 297. (b) It must be such an amendment as will conform to the facts. Kahn v. Insurance Co., 228 Mo. 594 and 595. (c) Such facts must appear by very strong evidence, if not beyond a reasonable doubt. Brecht v. Corby, 7 Mo. App. 305; Scruggs v. Scruggs, 46 Mo. 274. (2) When the court has been convinced that the return is a false one and that the facts warrant an amendment as asked it should then exercise a sound judicial discretion in determining whether or not the ends of justice will be subserved by the amendment. Feuert v. Caster, 174 Mo. 299; Kahn v. Insurance Co., 288 Mo. 596. (3) Appellate courts will only interfere with the finding of the trial court where a judicial discretion has been exercised in cases where the proof is conclusive. Jacobs v. McLean, 24 Mo. 41; Cabanne v. Macadaras, 91 Mo. App. 75; Griffin v. Veil, 56 Mo. 310; Milling Company v. McWilliams, 121 Mo. App. 323. (4) Jurisdiction over the property attached or garnisheed can only be obtained by actual seizure or by notice of sequestration. Coal Company v. Adams, 9 Mo. App. 480; Grocer Company v. Carlson, 67 Mo. App. 179; Heffner v. Rice, 129 Mo. App. 669. If property is accessible officer must take it manually. Keane v. Bartholow, 4 Mo. App. 510; Coal Company v. Adams, 99 Mo. App. 480. (5) Though there may be jurisdiction of the person of the garnishee that alone is not sufficient. The property or the debt must be in court as well. Coal Company v. Adams, 99 Mo. App. 482; State ex rel. v. Ellison, 276 Mo. 654; Railroad v. Schweitzer, 246 Mo. 127; St. Louis v. Glasgow, 254 Mo. 290; Drainage District v. Coltmer, 256 Mo. 163; Hagg v. Ward, 89 Mo. App. 190.

BRADLEY, J.—This cause originated in a justice of the peace court. Defendant filed his petition in three counts, and asked judgment in the total sum of $174.16. An affidavit for attachment was filed alleging that defendant had absented himself from his usual place of abode, had fraudulently assigned his property, etc., and had removed out of the State. The writ was delivered

to a deputy sheriff for service. The defendant was not found, but on the return day he showed up, and confessed judgment for $161.61. Plaintiff attempted to summons Lucas and Barney as garnishees, and the contest has been between plaintiff and the garnishees. The garnishees at every step challenged the jurisdiction of the justice, and proceeded likewise in the circuit court where the cause went on appeal from a judgment in the justice court against the garnishees. On motion the circuit court dismissed and struck from the docket the proceedings against the garnishees, and plaintiff appealed.

The motion to dismiss is as follows: "Come now the garnishees herein and move the court to dismiss the garnishment proceedings had herein against said garnishees because said court has no jurisdiction of the subject-matter involved in this garnishment proceedings and no power to render any judgment herein against said garnishees." The success of this motion depended on the validity of the return on the writ of attachment as it affected the garnishees. The part of the return challenged is as follows: "I did also by direction of the plaintiff on the 4th day of December, 1918, at about 4 o'clock p. m. at said county summons B. D. Lucas and Ray Barney, as garnishees, by declaring to them that I did summons them as garnishees to appear before the within named justice at his office on the return day of this writ, to answer such interrogatories as may be put to them by the justice and by reading to them the within writ of attachment. Oscar McNiel, Sheriff. By J. F. Winchester, Deputy." Garnishees urge that this return is wholly insufficient to confer jurisdiction over the subject-matter, that is any debt owing by them to the defendant in attachment, or any property or effects belonging to defendant and in their hands. Garnishees urge that the rtturn shows no declaration of sequestration of any such debt or property, and no constructive seizure as the law requires. Sub. 5 of section 2316, Revised Statutes 1909, provides that: "When the credits of the defendant are to be attached, the officer shall declare to the debtor of the defendant that he attaches in his hands all debts due from him to the

defendant, or so much thereof as shall be sufficient to satisfy the debt and interest, or damages and costs, and summon such debtor as garnishee.'' This section is applicable to proceedings in a justice of the peace court. [Section 7654, R. S. 1909.] In discussing what is now section 2516 in a cause where the validity of a garnishment return was under consideration, the court in Kansas & Texas Coal Co. v. Adams, 99 Mo. App. l. c. 480, 74 S. W. 158, said: ''It does not appear from the return of the constable just referred to that he made the declaration to the garnishee required by the statute just quoted. This statutable declaration of sequestration to the garnishee takes the place of manual seizure on account of the intangibility of the credits there referred to. It constitutes constructive seizure of the credits. The return fails to show that the constable made the declaration required by the said statutory provision which was essential to bind, in the hands of the garnishee, credits of the execution defendant. It was wholly insufficient to bring the *res* into court so as to authorize a judgment against the garnishee. On the face of the return the court acquired no jurisdiction of the *res*.'' A number of cases are there cited in support of the court's ruling.

The return of the constable in the Coal Co. case was as follows: ''I hereby certify that I delivered a true copy of the within summons to R.. W. Vail, cashier of Kansas & Texas Coal Company, other chief officers being absent, said Vail being found in charge of their office, attaching in his hands the money of said defendants on the 26th day of April, 1899, in the town of Bevier, county of Macon and State of Missouri. A. E. Riley, constable.' '' This return approaches a compliance with the statute more nearly than does the return in the instant case. In the return here under consideration it is not shown that the officer serving the writ declared to the debtor of the defendant that he attached in his hands all debts due from him to the defendant or so much thereof as shall be sufficient to satisfy the debt and interest as the statute requires, and therefore the service as shown by the return was wholly insufficient to give the justice jurisdiction of

the *res*. It is no answer to this defect that the garnishees appeared after their motion to dismiss was overruled in the justice court and fought out the issues on the merits. Until the justice had jurisdiction of the subject-matter, he had no authority to render a judgment, and the appearance of the garnishees did not cure the lack of jurisdiction over the *res*. [Coal Co. v. Adams, supra; State ex rel. Davis v. Ellison, 276 Mo. 642, 208 S. W. 439; Railroad v. Schweitzer, 246 Mo. 122, 151 S. W. 128; St. Louis v. Glasgow, 254 Mo. 262, 162 S. E. 596; Haag v. Wood, 89 Mo. App. 186.]

Plaintiff asked leave in the circuit court to have the sheriff amend the return. Evidence was heard on this, and the deputy sheriff who served the attachment writ testified in effect that he thoughht that he did declare to each of the garnishees that he attached in their hands all debts due from them to the defendant and that he went to the attorney for the plaintiff, and that the attorney prepared the return, and that he signed it as prepared. Both of the garnishees testified that the deputy sheriff made no such service; that he only read the writ, and nothing more. There appears in the record a summons to the garnishees filled out and signed by the deputy sheriff, but there is no return on it. The trial court after hearing the evidence of the deputy sheriff and the garnishees refused to permit the amendment, and sustained garnishees' motion to dismiss. If the deputy sheriff did not make the necessary service there was nothing to amend, and the court found that such service was not made; otherwise the amendment no doubt would have been permitted. The statute, section 1848, Revised Statutes 1909, provides that the court may, at any time, before final judgment, in furtherance of justice and on such terms as may be proper, amend any return by correcting a mistake, so as to conform it to the facts; but this does not authorize the officer as a matter of course to amend. The amendment offered or sought rests with the sound discretion of the court. [Fuert v. Caster, 174 Mo. 289, 73 S. W. 576; Kahn v. Insurance Co., 228 Mo. 585, 138 S. W. 995; Sibole v. McKinnies, 217 S. W. 577.] The action of the trial court

in refusing to permit the amendment was proper, and the judgment below should be affirmed and it is so ordered.

*Sturgis, P. J.,* and *Farrington, J.,* concur.