THELMA MILLIKEN, APPELLANT, v. ARMOUR & COMPANY, GARNISHEE OF WALTER MILLIKEN, RESPONDENT.—104 S. W. (2d) 1027.

Kansas City Court of Appeals. April 5, 1937.

*Gaddy & Reed* and *Ronald S. Reed* for appellant.

*Brown, Douglas & Brown* for respondent.

REYNOLDS, J.—On April 11, 1935, the appellant, Thelma Milliken, obtained a decree and judgment in the Circuit Court of Buchanan. County, Missouri, against Walter Milliken (hereinafter called the defendant) for a divorce and separate maintainance and alimony in the sum of $10 per week. On January 10, 1936, there was due on said judgment the sum of $400.

On such last mentioned date, the appellant caused an execution to be issued by the clerk of the Circuit Court of Buchanan County on said judgment; and the respondent, a corporation doing business at St. Joseph, Missouri, was served with such execution and a writ of garnishment thereunder and was summoned by the sheriff as garnishee.

From an order of the Circuit Court of Buchanan County, Missouri, sustaining a motion by the respondent to quash the execution together with the writ of garnishment in aid thereof and the summons thereunder, the appellant prosecutes this appeal.

It appears that the defendant in such execution was, at the time that it was issued and respondent summoned as garnishee thereunder, in the employ of the respondent, working at Memphis, Tennessee, and earning wages at such place payable to him at the branch office of the respondent at such place; that, between the date of the

service of the writ of garnishment and summons thereunder and the return day of such writ, wages were earned by him amounting to $110, which were paid him by the said branch offices of the respondent at Memphis.

The respondent in due time moved to quash the execution and writ of garnishment and the summons thereunder for the reason that neither the petition or statement filed nor the summons or writ of garnishment affirmatively shows the place where the defendant resided or the place where the alleged debt was contracted or the place where the cause of action arose.

On July 22, 1936, such motion to quash was taken up and considered by the court and by the court sustained.

Thereafter, on July 22, 1936, the appellant filed her application and affidavit for appeal, which were sustained; and an appeal was granted to this court.

The sole question presented for our decision is whether or not the petition or statement filed in the cause or the summons or writ of garnishment was fatally defective in failing to show affirmatively the place where the defendant resided, the place where the alleged debt was contracted and the place where the cause of action arose.

By the last clause of Section 1425, Revised Statutes of 1929, it is provided as follows:

"In all actions commenced in this state in which it is sought to garnish or attach wages, the petition or statement filed in such cause and the summons or writ of garnishment or attachment shall affirmatively show the place where the defendant resides, the place where the debt is contracted and the cause of action arose."

It is contended by the appellant that, the garnishment herein being under a general execution issued on a final judgment, such clause of such section above quoted has no application, that such clause applies only to original proceedings commenced upon a petition or statement filed therefor.

We cannot agree with the appellant in her contention that such clause has no application to this controversy or to garnishment under a general execution.

We think that the fair construction to be given such clause is that it is intended to apply to any and all proceedings having for their purpose the garnishment of wages, whether in attachment or under general execution upon a final judgment.

"Garnishment is an auxiliary proceeding, growing out of and dependent upon another original or primary action or proceeding, and this, regardless of whether it was resorted to in aid of a pending action before judgment, or in aid of an execution for the enforcement of a judgment recovered in the principal action or proceeding, or is commenced concurrently with the principal action—" [28 C. J., sec. 7, pp. 21, 22.]

While garnishment under an execution may be a remedy incident to the judgment in aid of its enforcement, it is, nevertheless, a proceeding for the purpose of seizing and impounding the money, property, or credits of the defendant in the execution, in the hands of the garnishee.

A garnishment proceeding under an execution upon a final judgment. rendered in this State is an action commenced within the State within the purview of the statute and comes within its scope.

The language of the statute is "In all actions commenced in this state in which it is sought to garnish or attach wages, the petition or statement filed in such cause and the summons or writ of garnishment or attachment shall affirmatively show the place where the defendant resides, the place where the debt is contracted and the cause of action arose." Evidently, the statute, by the words "In all actions commenced in this state in which it is sought to garnish or attach wages," means in all proceedings in garnishment commenced in this State in which it is sought to garnish or attach wages. Such language is all inclusive and applies equally to a garnishment in aid of an original proceeding before judgment, as in attachment, and to a garnishment in aid of an execution to enforce a judgment where wages are sought to be garnished.

It is admitted in this case that neither the summons nor the writ of garnishment shows the facts required to be shown by the statute.

A strict compliance with statutory requirements is essential to give the court jurisdiction in garnishment proceedings in attachment or under execution. [Huffman v. Sisk, 62 Mo. App. 398; Vittert v. Melton (Mo. App.), 78 S. W. (2d) 467.]

They were not complied with in this case.

It follows therefore that the writ of garnishment and summons are fatally defective. They should have affirmatively shown the place where the defendant resided, the place where the alleged debt was contracted, and the place where the cause of action arose.

We are unable to see how the construction of the last clause of Section 1425, above quoted, is to be influenced against its plain language by other sections of the statute pertaining to the garnishment of railroad corporations for indebtedness due employees on account of wages and their exemption from answering under certain conditions.

The judgment of the trial court is affirmed. All concur.