William T. FLYNN, Appellant,

v.

Oscar JANSSEN, d/b/a Oscar Janssen Architects and Engineers, Defendant,

First National Bank in St. Louis, Garnishee, Respondent.
William T. FLYNN, Appellant,

v.

Oscar JANSSEN, d/b/a Oscar Janssen Architects and Engineers, Defendant,

First National Safe Deposit Company, Garnishee, Respondent.

Nos. 44047, 44048.

Supreme Court of Missouri. Division No. 2.

Nov. 14, 1955.

Motion to Modify Opinion Denied Dec. 12, 1955.

N. Murray Edwards, Ninian M. Edwards, St. Louis, for appellant.

Thomas S. McPheeters, Jr., John L. Donnell, St. Louis, for garnishees-respondents.

Bryan, Cave, McPheeters & McRoberts, St. Louis, of counsel.

LEEDY, Judge.

In these companion cases, William T. Flynn appeals from orders of the Circuit Court of the City of St. Louis (1) quashing, on motion, writs of garnishment (on execution) and summonses thereunder, severally directed to respondents, First National Bank in St. Louis and First National Safe Deposit Company, as garnishees; and (2) denying his, Flynn's, motions to strike the motions of the garnishees whereon the court acted in quashing such writs and summonses. The transcripts on appeal and questions presented in each of the two cases are precisely the same, and having been briefed as one case, they will be treated and disposed of in one opinion.

In the main case out of which these garnishment proceedings arose, a judgment was rendered December 4, 1952, in favor of Flynn, as plaintiff, in the sum of $43,260 against the defendant therein, Oscar Janssen, doing business as Oscar Janssen Architects and Engineers. On March 27, 1953, Flynn sued out an execution to enforce the judgment, and in aid thereof caused the issuance and service of writs of garnishment and summonses upon respondents, the garnishees. The latter filed timely motions to quash on the ground that such writs and summonses were null and void because (1) the execution by virtue of which they were issued had been previously, "on or about April 10, 1953," recalled and quashed; and (2) because said execution was void ab initio for the reason the judgment of December 4, 1952, on which the issuance of said execution was based, had been set aside and vacated on or about March 12, 1953. As previously stated, the motions were sustained, and the correctness of that ruling is the question for determination on this appeal. The first error charged is that "both motions were submitted to the court without any evidence being offered to prove the allegations contained in said motions.

Neither the execution nor the writ of garnishment were offered in evidence in support of each garnishee's motion to quash * * *."

Countering, respondents contend that the facts on which their motions to quash were based appeared on the face of the court's own records and files in the main case, and that consequently it was proper for the court to take judicial notice of them. It is unnecessary to develop the situation further than to say that respondents' motions to quash and appellant's motion to strike respondents' motions were taken up, heard and submitted together. The record affirmatively shows that at that hearing the appellant offered in evidence Oscar Janssen's motion to quash the execution, the sole ground of which was that his motion for new trial in the main case had been sustained, "and accordingly at this time there is no judgment on which a writ of execution can be issued." The appellant also offered in evidence (1) the court order which sustained Janssen's aforesaid motion, and quashed said execution; and (2) Flynn's notice of appeal from such order. We take judicial notice of the fact that on appeal this court affirmed the action of the trial court in quashing the execution on the ground mentioned. Flynn v. Janssen, Mo., 266 S.W.2d 666. We think, and so hold, that irrespective of any other fact or claim in the case (and presupposing the prior validity of the writs of garnishment and summonses), upon the quashal of the execution, the character of such writs and summonses as live and subsisting process ceased and determined, and, simultaneously therewith, the right of appellant to further proceed thereunder. This because garnishment is purely a statutory proceeding, and under Section 525.010 RSMo 1949, V.A.M.S., which provides for subjecting persons "to garnishment, on attachment or execution," and the next section, 525.020, a prior execution is essential. Gilbert v. Malan, 231 Mo. App. 469, 100 S.W.2d 606. And, as pointed out in 38 C.J.S., Garnishment, § 16, such prior execution must be valid. As there was no underlying judgment in the main case, there could have been no valid execu-

tion, and hence nothing to support garnishment proceedings.

 Appellant would avoid the effect of the order granting Janssen's motion for new trial by showing, by an affidavit appended to his brief and filed for the first time in this court, that such motion was not passed on within ninety days, and, therefore, is to be deemed denied under Section 510.360 RSMo 1949, V.A.M.S. This is directly contrary to the recitals of the record (which shows the motion to have been timely ruled), and so constituted an attempt to impeach such record collaterally. We are not familiar with any practice, even in a direct proceeding, which would permit the solemn recitals of the court's records to be overthrown upon any such casual, ex parte showing as that here tendered.

The orders of the trial court quashing the writs of garnishment and the summonses thereunder must be affirmed. It is so ordered.

All concur.