**J. A. FULKERSON, Plaintiff-Respondent,**

**v.**

**J. H. LAIRD and Betty Laird, Defendants,**

**W. E. Foster, Garnishee-Appellant.**

No. 8643.

Springfield Court of Appeals.

Missouri.

Nov. 18, 1967.

Richard D. Moore, Newton C. Brill, West Plains, for garnishee-appellant.

Friend B. Greene, Eminence, for plaintiff-respondent.

STONE, Presiding Judge.

This is an appeal by garnishee W. E. Foster from a judgment in the sum of $613.34 entered in favor of plaintiff J. A. Fulkerson and against garnishee on September 23, 1966. In the case out of which the garnishment proceeding arose, a default judgment in the same aggregate amount had been entered in the Circuit Court of Howell County in favor of plaintiff and against defendants J. H. Laird and Betty L. Laird on November 6, 1963. On *December 27, 1963,* a general execution was issued upon that judgment, directed to the Sheriff of Shannon County [Rule *76.06;* § 513.040],[1] an adjoining county in which defendants then resided, and made returnable *"on the 20th day of January 1964,"* twenty-four days after the date of issuance. (All emphasis herein is ours.) This, no doubt, because January 20, 1964, was the third Monday in that month and thus the first day of the next statutory term of the Circuit Court of Howell County [§ 478.300], but nevertheless in plain violation of the mandate of Rule 76.04 that "[e]very execution issued from any court of record *shall* be made returnable in not less than 30 days, nor more than 90 days, at the option of the judgment creditor, from the date of issuance."

Attached to the execution in the transcript on appeal is a "Summons to Garnishee" (hereinafter referred to as the summons) prepared on a printed form. The summons identified itself as "Garnishment under an (sic) General Execution—To *W. E. Foster Clerk* Garnishee." (The words "General Execution" were typewritten, the italicized portion was handwritten, and the remainder was printed.) The summons, dated *March 27, 1964,* and signed by the Sheriff of Shannon County [Rule 90.02; § 525.020], directed garnishee Foster to be and appear before the Circuit Court of Howell County *"on the 20th day of April 1964,"* the first day of the next statutory

1. All references to rules are to the Supreme Court Rules of Civil Procedure, V.A.M.R., and all statutory references are to RSMo 1959, V.A.M.S.

term of that court [§ 478.300], to answer interrogatories.

The "Sheriff's Return" in the space provided for that purpose on the reverse side of the *execution* was:

"Executed the within Writ in the County of *Shannon,* State of Missouri, on the *7* day of *Nov 1963,* by *serving same and failed to collect*

"And, on the 27th day of March, 1964 summoned W. E. Foster, as Garnishee, copy of the summons being attached hereto and made a part of this return, all in Shannon County, Missouri."

The italized portion of the *first* paragraph of the return was handwritten, the remainder of that paragraph was printed, and the *second* paragraph was typewritten. Obviously, the first paragraph referred to the execution while the second paragraph referred to the summons. The record before us affords no explanation concerning the date inserted in the first paragraph, to wit, November 7, 1963, which was fifty days prior to December 27, 1963, when the execution was issued, and discloses no information (a) as to whether the execution actually was returned into court on or before January 20, 1964, the date specified therein, (b) if so, as to how and when the execution again came into the hands of the Sheriff of Shannon County, or (c) as to what entries pertaining to the execution were made in the "well-bound [execution] book" required to be kept by the Circuit Clerk of Howell County [Rule 76.07; § 513.045], who issued the execution.

The transcript does inform us that garnishee made no answer to the interrogatories exhibited to him [Rules 90.12 and 90.13; §§ 525.130 and 525.140]; that thereafter, to wit, on September 3, 1964, an interlocutory order was made by and in the Circuit Court of Howell County directing garnishee to pay $613.34 into court within ten days thereafter to discharge himself from further liability [Rules 90.06, 90.07 and 90.19; §§ 525.070, 525.080 and 525.200; Cheno-

weth v. LaMaster, Mo.App., 342 S.W.2d 500, 501(1)]; and that, garnishee having failed so to discharge himself, plaintiff filed on October 9, 1964, his "Motion for Judgment Against Garnishee" and garnishee filed on November 12, 1964, his "Motion to Quash Execution, Summons to Garnishee and Service of Sheriff's Return Thereto."

When these motions finally were heard on September 23, 1966, the Sheriff of Shannon County and garnishee Foster offered testimonial accounts, in some respects contradictory and conflicting, as to what had occurred on March 27, 1964, when the sheriff allegedly undertook to summon garnishee Foster while the latter was acting as clerk of a farm sale advertised as a public auction of property "jointly owned" by defendant J. H. Laird and one Bebee. However, we need not prolong this opinion by digesting or dwelling upon the testimony. For, if the sheriff's narrative be accepted in its entirety by us, as it was by the trial court, nevertheless as a matter of law the judgment for plaintiff cannot stand for reasons to which we now turn.

■ The primary thrust of garnishee's trial complaint, and likewise of his appellate attack, has been addressed to the alleged insufficiency of the sheriff's return (as hereinbefore quoted in its entirety), because the return did not affirmatively show that the sheriff declared to the garnishee "that he [attached] in his hands all debts due from him to the defendant . . . ." Rule 85.21(e); § 521.170(5). There is indeed substance to this point. *Notice of garnishment* [see Rule 90.03; § 525.040] is the means by which the jurisdiction of the court is established over the *res,* i.e., over the property or credits garnished, and thus is an indispensable prerequisite to such jurisdiction. Blackburn Motor Co. v. Benjamin Motor Co., Mo.App., 340 S.W.2d 155, 159; C. Rallo Contracting Co. v. Blong, Mo.App., 313 S.W.2d 734, 737(1). Since the purpose of the *summons,* as distinguished from the *notice,* is to bring the garnishee personally into court, he may, by appearing

**526**

generally and answering interrogatories, waive any defect as to service of summons and confer jurisdiction over his *person* [C. Rallo Contracting Co., supra, 313 S.W.2d at 737(2), and cases there cited]; but jurisdiction over the *res* can be conferred neither by waiver nor by consent. Blackburn Motor Co., supra, 340 S.W.2d at 159; Federal Truck Co. of St Louis v. Mayer, 216 Mo.App. 443, 270 S.W. 407, 409(1). Garnishment is purely a statutory proceeding in derogation of the common law [Flynn v. Janssen, Mo., 284 S.W.2d 421, 422(2); Trinidad Asphalt Mfg. Co. v. Standard Oil Co., 214 Mo.App. 115, 258 S.W. 64, 66; 6 Am.Jur.2d Attachment and Garnishment § 9, p. 567; 38 C.J.S. Garnishment § 1(b), p. 201], and strict compliance with all requirements formerly imposed only by statutes but now enjoined also by our civil rules is indubitably essential to confer and support jurisdiction over the res in a garnishment proceeding. Blackburn Motor Co., supra, 340 S.W.2d at 159; C. Rallo Contracting Co., supra, 313 S.W.2d at 737; Milliken v. Armour & Co., 231 Mo.App. 662, 104 S.W.2d 1027, 1028(3); State ex rel. Shaw State Bank v. Pfeffle, 220 Mo.App. 676, 293 S.W. 512, 516(12); Federal Truck Co. of St. Louis, supra, 216 Mo.App. at 450, 270 S.W. at 409(2).

So, it has been held in several Missouri cases that, to confer jurisdiction over the res in a garnishment proceeding, the officer's return upon the execution must affirmatively show substantial compliance with essential requirements including the injunction that (if "goods and chattels, money or evidences of debt" are being attached but are "not accessible") the officer "shall declare to the person in possession thereof that he attaches the same in his hands" [Rule 85.21(d); § 521.170(4)] or (if "credits" are being attached) the officer "shall declare to the debtor of the defendant that he attaches in his hands all debts due from him to the defendant . . . ." Rule 85.21(e); § 521.170(5). Howell v. Sherwood, 213 Mo. 565, 576, 112

S.W. 50, 52–53(1); Kurre v. American Indemnity Co. of Galveston, Tex., 223 Mo. App. 406, 413, 17 S.W.2d 685, 687(2); State ex rel. Shaw State Bank, supra, 220 Mo.App. at 686, 293 S.W. at 517(15); Hopkins v. Henson, 205 Mo.App. 384, 387–389, 224 S.W. 119(1); Kansas & T. Coal Co. v. Adams, 99 Mo.App. 474, 480, 74 S.W. 158, 160. Certainly the sheriff's return in the instant case reflected "no constructive seizure" of the res, "no declaration of sequestration," as is contemplated and required by law. Hopkins, supra, 205 Mo.App. at 387, 224 S.W. at 119; Kansas & T. Coal Co., supra, 99 Mo.App. at 479–480, 74 S.W. at 160. In fact, the return did not even show that a copy of the summons to garnishee was delivered to or left with garnishee Foster; and there has been no request for leave to amend the return at any stage of the litigation. Contrast Kurre, supra, 223 Mo.App. at 413–414, 17 S.W.2d at 687(6, 7). The return was insufficient to confer jurisdiction over the res, and the judgment against garnishee was void. Howell, supra, 213 Mo. at 576, 112 S.W. at 53(2); Federal Truck Co. of St. Louis, supra, 216 Mo.App. at 450, 451, 270 S.W. at 409.

The judgment cannot stand for another reason not suggested by counsel but patent on the record and so basic that it should not be passed without mention. Garnishment is *in aid of* an execution and is merely "an ancillary remedy to obtain payment of the judgment." Harrison v. Harrison, Mo.App., 339 S.W.2d 509, 517 (10). See Ivy v. LaRue, Mo.App., 158 S.W.2d 232, 233(1). A valid judgment and a *valid execution* are indispensable prerequisites to a valid garnishment. Flynn, supra, 284 S.W.2d at 422; Harrison, supra, 339 S.W.2d at 517; Barnes v. Hilton, Mo. App., 323 S.W.2d 831, 835(6); Gilbert v. Malan, 231 Mo.App. 469, 483(9), 100 S.W. 2d 606, 615(12). And Rule 90.02 specifically requires that "[t]he return date of the summons to garnishee shall be the return date of the execution."

As we have seen, the execution in the instant case was issued on December 27, 1963, and was returnable on January 20, 1964. Assuming arguendo the validity of the execution from the date of issuance to and including the date of return notwithstanding the fact that it was made returnable in less than thirty days contrary to the plain mandate of Rule 76.04, it undoubtedly became functus officio after January 20, 1964, the return date specified therein. It then had spent its force, and all subsequent proceedings under it were null and void. Bank of Missouri v. Bray, 37 Mo. 194, 195(1); City of Jefferson v. Curry, 71 Mo. 85(1); McDonald v. Gronefeld, 45 Mo. 28; Chasnoff v. Porto, 140 Conn. 267, 99 A.2d 189, 192(1); Hicks v. Bailey, Ky., 272 S.W.2d 32(1); Claude Neon, Inc. v. Birrell, D.C.N.Y., 177 F.Supp. 706, 711–712(5); Ludtke v. Bankers' Trust Co., Tex. Civ.App., 251 S.W. 600, 603(5); Preissman v. Crockett, 194 Md. 51, 69 A.2d 797, 800 (4); Fredd v. Darnell, 107 N.J.Eq. 249, 152 A. 236, 237(2); 33 C.J.S. Executions § 93, l.c. 238.

Yet the "Summons to Garnishee," subcaptioned as "Garnishment under an (sic) General Execution," was issued on March 27, 1964, and was made returnable on April 20, 1964. Obviously, this summons could not have been issued "under" or in aid of the execution which had become functus officio after January 20, 1964, its return date. The garnishment proceeding was without legal foundation or authority, and the judgment entered therein was void.

Plaintiff-respondent has filed nothing in this court other than an unverified "Motion to Dismiss or Affirm" on the sole ground that garnishee-appellant did not deliver a copy of his brief to plaintiff forty-five days before the date of hearing. Rule 83.06(a). The verified answer of garnishee's counsel, captioned as a "Motion in Opposition . . .," was that a *typewritten* copy of their brief had been mailed to plaintiff's counsel, who resides in an adjoining county, on the forty-sixth day before the date of hearing and should have

been delivered to him on the forty-fifth day, and that, as confirmed by the printer's proof of service filed in this court, copies of the printed brief were mailed to plaintiff's counsel on the forty-second day before the date of hearing. Plaintiff's counsel made no reply to this verified answer and sought no extension of time within which to file a brief. In the stated circumstances, "the interests of justice . . require" [Rule 83.09] that plaintiff's motion to dismiss be overruled and that the appeal be determined on its merits. Willis v. Willis, Mo.App., 274 S.W.2d 621, 624(1).

Accordingly, (a) plaintiff's-respondent's "Motion to Dismiss or Affirm" is overruled, (b) garnishee's-appellant's verified answer, captioned as a motion, is stricken from the motion docket, and (c) the judgment in favor of plaintiff and against garnishee-appellant is reversed.

HOGAN and TITUS, JJ., concur.