# H. E. HOWELL et al. v. THOMAS A. SHERWOOD et al., Appellants.

### Division One, July 3, 1908.

1. **GARNISHMENT: Summons: Insufficient: Jurisdiction.** A return in these words, "Executed the within writ by summoning Charles Carlton as garnishee," was insufficient under the statute in force in 1861 (Sec. 6, ch. 63, and sec. 22, ch. 12, R. S. 1855), to give the court jurisdiction over the garnishee named or over the subject-matter of the garnishment, and the judgment by default rendered against him was a nullity. The return neither informed Carlton when and where he was to appear and what interrogatories he was to answer, nor did it contain a recital that the officer declared to Carlton that he seized

or attached in his hands all debts, moneys and credits due or owing by him to the defendant in the execution, which things the statute required the return to contain.

2. ———: ———: ———: ———: **Collateral Attack.** The judgment made in pursuance to such a return being void, is subject to collateral attack—for instance, when it is relied upon as a link in plaintiff's title in his suit in ejectment.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville,* Judge.

REVERSED AND REMANDED.

*T. J. Delaney* and *Henry C. Young* for appellants.

The sheriff's deed attempting to convey Carlton's interest is absolutely void because of lack of jurisdiction in the court to render judgment in the so-called garnishment proceeding against Carlton. Norvell v. Porter, 62 Mo. 309; Gates v. Tusten, 89 Mo. 13; Malsby v. Farr, 3 Mo. 430; Coal Co. v. Adams, 99 Mo. App. 482; Huffman v. Sisk, 62 Mo. App. 398; Feurt v. Castor, 174 Mo. 301; Anderson v. Scott, 2 Mo. 15; Cabeen v. Douglas, 1 Mo. 336; Padden v. Moore, 12 N. W. 724; Brown on Jurisdiction, pp. 121, 122, 127; 1 Black on Judg., 223; Grocer Co. v. Carlson, 67 Mo. 183. And such lack of jurisdiction may be shown by secondary evidence of the contents of the lost files for the purpose of impeaching the judgment. Eaton v. Hall, 5 Met. (Mass.) 287; Parry v. Walser, 57 Mo. 172; Foulk v. Colburn, 48 Mo. 230; Ravenscroft v. Giboney, 2 Mo. 1; McClanahan v. West, 100 Mo. 321; Davis v. Montgomery, 205 Mo. 271; Land Company v. Mining Company, 187 Mo. 434; Graham v. O'Fallen, 3 Mo. 507; Burnett v. McCluey, 78 Mo. 689; Howard v. Thornton, 50 Mo. 292. It is also void because the execution is an *alias* or renewed execution and fails to recite the issue of the former execution, the levies thereunder and the amount realized therefrom. Laws 1863, p. 20;

Maupin v. Emmons, 47 Mo. 308; Wood v. Augustine, 61 Mo. 50. It is also void because issued for costs in addition to the judgment while the judgment did not carry costs. Under the statute then in force a judgment in garnishment proceedings did not carry costs unless specifically so directed therein. Maloney v. Real Est. B. & L. Assn., 57 Mo. App. 384; R. S. 1855, ch. 12, 70 and 75; Ibid. ch. 40, 6 and 32. It is also void because satisfied by the sale under the first execution. It is also void because made returnable to a day in the past instead of to one in the future, the execution being issued on the 7th day of December, 1863, and made returnable to the January term, 1863.

*Patterson & Patterson* for respondents.

On February 14, 1861, an execution in favor of Hayden and Wilson was duly issued against Geo. A. Taylor and on that execution Charles Carlton was summoned as garnishee. On the 10th day of February, 1863, a final judgment in default was rendered against Charles Carlton for the sum of $682 and costs. It is contended on the part of appellants that the officer having in charge the said execution merely summoned Carlton but did not declare to him that he attached all debts due from him to the judgment debtor, or so much thereof as would have been sufficient to satisfy the judgment debt, etc. The execution is lost and has not been seen since 1866 or 1867. It has always been the practice of sheriffs, in garnishment proceedings, under execution, though not required by statute, to serve a written notice on the garnishee, informing him particularly of the nature of the proceeding and declaring to him in writing that he attached all debts due the judgment debtor and all goods, etc., particularly describing same, and to return a copy of said written notice with the execution. The said execution was returned at the first regular term of the court held after

the issuance of the execution, interrogatories were duly filed, witnesses on the part of the judgment creditors duly subpoenaed and present, but Carlton made default. The court, whose statutory duty it was to inspect the return of service, which was then a part of the files in the proceeding, found as follows: "And it appearing to the satisfaction of the court that Charles Carlton has been duly summoned as garnishee in this cause, and has failed to answer," etc., and thereupon a final judgment in default was entered against Carlton for $682 and costs. No appeal was ever taken from this judgment. No proceeding was ever instituted to set aside the judgment for irregularity or to set aside the default. The court had jurisdiction of the subject-matter of the garnishment proceeding invoked by the issuance of a *fieri facias* execution and by the direction of the judgment creditors of Taylor to summon Carlton as garnishee, and had jurisdiction over the person of Carlton by reason of the sheriff executing the writ of execution by personally summoning Charles Carlton as garnishee. Jurisdiction of the subject-matter is the power of the court to hear and determine cases of the class to which the proceeding in question belongs. Leonard v. Sparks, 117 Mo. 103; Cooper v. Reynolds, 77 U. S. 308; Pennoyer v. Neff, 95 U. S. 417. A direct and seasonable attack on the return of service is one thing, and a collateral attack whether made one day or forty years after the rendition of a judgment, is quite another thing. It should be borne in mind that every case cited by appellants is a case wherein the defective or irregular return of service was put in issue by direct attack. Charles v. Marney, 1 Mo. 537; Hickman v. Barnes, 1 Mo. 156; Blanton v. Jameson, 3 Mo. 52; Wilson v. Jackson, 10 Mo. 213; State to use v. Williamson, 57 Mo. 198; secs. 44, 48, p. 539, R. S. 1855. The personal service on Carlton as testified to by Judge Sherwood, is good and

proper so far as it goes. The sheriff as a sworn public officer is presumed to have done his duty and there is no evidence that he did not do so other than the silence of his return. And the silence of one portion of the record is not sufficient to overthrow the affirmative declaration of due service in the judgment in a collateral proceeding a lifetime after the service. Freeman on Judgments, sec. 125; Segal v. Reisert (Ky.), 107 S. W. 750; Cloud v. Pierce City, 86 Mo. 361.

WOODSON, J.—This is a suit in ejectment for the possession of a tract of some ten acres of land, situate in the city of Springfield, Greene county.

The petition was in the usual form, and the answer of defendant Sherwood was a general denial of all the allegations of the petition except the one of possession, and that of defendant Blakey was a disclaimer of all interest in the premises except as a tenant of his co-defendant.

The cause was tried by the court without the intervention of a jury, which resulted in a judgment for the plaintiff, and defendant duly appealed to this court.

Charles Carlton was the common source of title; and after the introduction of all the evidence, the defendant requested and the court made a special finding of facts, which, omitting formal parts, is as follows:

"Comes now the defendant in the above-entitled cause and requests the court to make the following finding of facts herein, to-wit:

"1. The court finds that the testimony of the defendant, Thomas A. Sherwood, given in this case, is true, and that the facts concerning which he testified are as they were by him stated.

"2. The court finds that on the 30th day of January, 1861, a judgment was rendered in the circuit court of Greene county, Missouri, in favor of Peter Hayden and Pollock Wilson as plaintiffs against

George A. Taylor as defendant for the sum of $922.81 debt and $64.35 costs. That upon this judgment an execution was issued on the 14th day of February, 1861, and that the clerk's execution docket, upon which the issue of this execution is noted, and upon which all executions in said cause were required by law to be noted, contains no memorandum of the issue of any other execution in the cause of Hayden and Wilson against George A. Taylor, nor is there any evidence that such other execution was ever issued.

"That said execution is missing from the files in said cause and has disappeared from the office of the clerk of the circuit court of Greene county, Missouri, and cannot be found by the clerk after thorough and diligent search therefor, but that in other respects the files in said cause of Hayden and Wilson against Taylor appear to be intact.

"That the only return that was contained or ever appeared upon said execution was as follows: 'Executed the within writ by summoning Charles Carlton as garnishee.' This was in substance and effect the language of the return, and was signed by Thos. A. Reed as sheriff; but the return did not inform Charles Carlton where and when he was to appear. Nor did said return contain any recital that the sheriff declared to said Carlton that he seized or attached in his hands, any debts, moneys, or credits due or owing by said Carlton to said George A. Taylor, defendant in said execution. Nor did said Carlton appear to the action either personally or otherwise, nor file any answer to the interrogatories filed against him as garnishee; nor were there any interrogatories filed in said cause against said garnishee until the August term, 1862, of said circuit court; nor was any judgment purporting to be an interlocutory judgment entered against said Carlton until the August term, 1862, of the Greene County Circuit Court. And the court further finds in this con-

nection that it was a custom of the sheriff who received the execution in question, and his deputies, to make returns in garnishment proceedings similar to the said return on the execution in the case of Hayden & Wilson v. George A. Taylor, without reciting in such returns the fact that such officer declared to the party summoned as garnishee, on account of debts due and owing by him to the execution or attachment defendant, that the officer did attach in his hands all debts due from him to the defendant, or so much thereof as should be sufficient to satisfy the debt and interest or damages and costs.

"That final judgment on the 10th day of February, 1863, was rendered against the garnishee for $682, but no judgment for costs.

"That upon this judgment so rendered against said Carlton, execution issued on the 20th day of February, 1863, and was levied upon other property than that in controversy herein on March 11, 1863, and that as shown by the sheriff's return, dated August 11, 1863, the land so levied upon was sold for the sum of $695 under said execution, a part of which was applied on the costs, leaving a balance of only $661.94 to be credited on the execution which was credited thereon.

"The court further finds that the return to the above-named execution contains upon its face evidence of alteration and amendment, and that the same was made in pursuance of an order of court dated September 30, 1863, and contained in Book F., page 200, of the records of the circuit court of Greene county, Missouri, and that the same is the amendment to which reference is made by the court in its said order permitting the sheriff to amend his return upon his execution in said cause, and that said order had no reference to the return on the original execution in the case of Hay-

den & Wilson v. Taylor, nor did it contemplate an amendment thereof.

"The court further finds that said Sherwood took possession of the land in controversy in September, 1897, and has remained in possession ever since, and upon taking possession, paid all taxes due on said property at that time, and for five years previous thereto, and ever since has paid the taxes on the same, and sold off land for three streets, and conveyed the same to the city of Springfield; and has sold off and conveyed to A. N. Hanson a portion of said land for a lot. That H. E. Howell, or his co-plaintiffs, made no objections to such sales and conveyances, which were made after said Sherwood took possession.

"That said Sherwood was unaware he had acquired title to said land in question until informed he had title thereto by Major Mead, whereupon he also bought said land from C. B. Holland, and took and put to record a deed therefor, and immediately took possession of said land, which was then vacant, and paid all taxes then due as aforesaid. That he had been in possession of said land for over six years, and H. E. Howell and his co-plaintiffs never brought suit nor questioned the title of said Sherwood to said land, until statutory proceedings were instituted against them to compel them to do so, by said Sherwood, under the provisions of section 647, Revised Statutes 1899, and then they instituted the present action of ejectment.

"That said H. E. Howell never took possession of said land except of small portions thereof, at long intervals apart, and no such possession as would give title or semblance to title to said land.

"That from the time of his purchase of said land in 1882, said H. E. Howell never paid any taxes on said land for sixteen years after that date, and not until said Sherwood had taken possession of said land and paid all taxes due thereon, when said Howell paid

taxes for two years on said land, which taxes were no longer due on said land, having run out.

"Nor did his co-plaintiffs pay any taxes on said land, nor did co-plaintiffs of said H. E. Howell ever take possession of said land. Nor did H. E. Howell or his said co-plaintiffs, though duly notified thereof, attend to the taking of depositions by said Sherwood touching certain facts in this cause involved, at Jefferson City, Missouri, in the year 1900, which depositions were taken under the provisions of section 4525, Revised Statutes 1899.

"The court further finds that before H. E. Howell purchased said land at probate sale, he examined the files in the said cause of Hayden & Wilson v. George A. Taylor, for the execution aforesaid on which said Carlton was garnished, and could not find the same among said files, nor did the clerk of said circuit court find the same. The said search for said execution was made after said H. E. Howell had bid in said land at probate sale, but before he paid the purchase money.

"The court further finds that the notes on which David L. Fulbright brought suit against Charles Carlton in order to foreclose his vendor's lien on the land in question were dated November 28, 1859.

"And the court further finds that H. J. Lindenbower had bought on an execution issued on said judgment against Charles Carlton a piece of land on Mt. Vernon street, in Springfield, Missouri, of about seven acres, and afterwards sold the same to said Sherwood, and made a warranty deed to said Sherwood, and one to his wife for said land, but on consultation with said Sherwood said Lindenbower became satisfied, on examination of said return on said execution of Hayden & Wilson v. George A. Taylor, that service of garnishment on said Carlton on said execution endorsed was invalid, and thereupon authorized said Sherwood to pay said Carlton, then living in Texas, the sum of

$200 for a deed of release, and said Sherwood did secure a quit-claim deed from said Carlton for said land, and said Lindenbower thereupon gave to said Sherwood a credit on his title bond to said Sherwood for said land, for said sum.''

There were no objections made or saved to the finding of facts, and they therefore stand admitted to be true, which obviates the necessity of our wading through the long abstract of the record, consisting of about two hundred printed pages, in order to find what the facts are.

There are many legal propositions presented for our consideration by learned counsel for both parties; but, under the view we take of the case, it will not be necessary to consider but one of them, as it fully and effectually disposes of the entire case.

The finding of facts shows that Charles Carlton was the common source of title, and that the plaintiffs claim through him by virtue of various mesne conveyances.

On January 30, 1861, a judgment was rendered in the circuit court of Greene county in favor of Peter Hayden and Pollock Wilson, plaintiffs, against George A. Taylor, defendant, for the sum of $922.81 debt and $64.35 costs. An execution was issued upon that judgment on February 14, 1861, and said Carlton was served as garnishee thereunder. On February 10, 1863, a final judgment by default was rendered against the garnishee for the sum of $682. An execution was issued upon that judgment and levied upon the property in controversy, and on February 2, 1864, it was, by the sheriff, sold to George W. Jamison for the sum of sixty dollars; and the sheriff executed and delivered to him a proper statutory deed. Defendant assails the validity of that deed, for the reason that the circuit court of Greene county acquired no jurisdiction of the person of Charles Carlton, nor of the subject-matter

of the suit involved in said garnishment proceedings. The basis of this contention is predicated upon the alleged insufficiency of the service of the garnishment upon Carlton.

The return of the sheriff was made upon the execution issued on the judgment in favor of Hayden and Wilson against Taylor, and was in the following words: "Executed the within writ by summoning Charles Carlton as garnishee."

The sufficiency of that return must be tested by section 6 of chapter 63, entitled "Executions," and the second and fourth subdivisions of section 22 of chapter 12, Revised Statutes 1855, entitled, "Attachments," which were in force at the time these proceedings took place, and which governed garnishment proceedings under executions.

Said section 6 reads as follows: "When a *fieri facias* shall be issued, and placed in the hands of an officer for collection, if no sufficient property can be found in the county whereof to levy the amount due on said writ, it shall be the duty of the officer, when directed by the plaintiff, his agent or attorney, to summon garnishees, and with like effect as in case of an original attachment. The service of garnishment in such case, and the subsequent proceedings against and in behalf of the garnishee, shall be the same as in the case of garnishment under attachment."

The second and fourth subdivisions of said section 22 read as follows:

"Second: Garnishees shall be summoned by the sheriff, or other proper officer, declaring to them that he does summon them to appear at the return term of the writ, to answer the interrogatories which may be exhibited by the plaintiff, and by reading the writ to him, if required."

"Fourth: When goods and chattels, money or evidences of debt, are to be attached, the officer shall

take the same and keep them in his custody, if accessible, and, if not accessible, he shall declare to the person in possession thereof that he attaches the same in his hands, and summon such person as garnishee."

By reading the return of the sheriff, as above quoted, it will be seen that it did not, as found by the trial court and as required by the statute, inform Carlton when and where he was to appear and answer the interrogatories mentioned in the statute; nor did said return contain a recital that the sheriff declared to Carlton that he seized or attached in his hands all debts, moneys and credits due or owing by him to said George A. Taylor, the defendant in the execution.

Those requirements of the statute are jurisdictional and mandatory, and the omission of the sheriff to inform Carlton when and where he should appear to answer the interrogatories that might be filed in the garnishment suit; and his omission to declare to Carlton that he attached all moneys, debts and credits due or owing by him to said Taylor, failed to bring him into court or to give the Greene County Circuit Court jurisdiction over him or over the subject-matter of the suit. That being true, the judgment of the circuit court rendered against Carlton in the garnishment proceedings was an absolute nullity.

This same question has frequently been before this court, and the uniform ruling has been that such a judgment is void and is subject to collateral attack. [Maulsby v. Farr, 3 Mo. 439; Norvell v. Porter, 62 Mo. 309; Gates v. Tusten, 89 Mo. 13; Feurt v. Caster, 174 Mo. 289; Anderson v. Scott, 2 Mo. 15; Cabeen v. Douglass, 1 Mo. 336.]

The judgment being void, the execution and sale thereunder were likewise void, and were inoperative to transfer the title of Carlton to Jamison, and to those who claim under him. And since plaintiff deraigns title from Carlton through the sheriff's said deed to

Jamison, that constitutes a missing link in their chain of title, which is fatal to their right of recovery in this case.

The judgment of the circuit court is, therefore, reversed and the cause remanded.

All concur, except *Valliant, P. J.,* absent.