**CENTRAL OHIO EMULSION CORPORATION, Plaintiff-Appellant, v. WILLIAM WHITMAN CO. et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 5094. Decided September 16, 1954.

Robert Dow Hamilton, Columbus. for plaintiff-appellant.

Eagleson & Laylin, Columbus, Jones, Day, Cockley & Reavis, Cleveland, for defendants-appellees.

## OPINION

By WISEMAN, PJ.

This is an appeal on questions of law from the judgment of the Common Pleas Court of Franklin County quashing the service of summons and dismissing the action.

The principal issue in the case involves the validity of a service of summons on the statutory agent of one of the defendants, The National Refining Company, an Ohio corporation. The principal office of the corporation is in Cuyahoga County, where the statutory agent resides. The corporation conducts no business in Franklin County; it has no office or agent in Franklin County, and none of the chief officers reside or are located in said county.

On September 15th, 1952 the statutory agent, while in Columbus on business unrelated to the National Refining Company, was personally served with summons in Franklin County. Is personal service on a statutory agent valid when service is made in a county other than a county where such agent resides? Sec. 8623-129 GC, in part provides:

"1. Every corporation shall have and maintain an agent, who shall be a natural person and a resident of the county in which the principal office of the corporation is located, upon whom process, * * * may be served."

"* * *

"8. Process in any suit, action or proceeding against any corporation * * * may be served upon such corporation by delivering a copy thereof to its designated agent or by leaving a copy thereof at his address as the same appears upon the record in the office of the secretary of state."

The provisions of the above cited section are in pari materia with the provisions of §11272 GC, which in part provides:

"An action other than one of those mentioned in the next four preceding sections, against a corporation created under the laws of this state, may be brought in the county in which such corporation is situated, or has or had its principal office or place of business, or in which such corporation has an office or agent, or in any county in which a summons may be served upon the president, chairman or president of the board of directors or trustees or other chief officer."

The four preceding sections have no application here. Sec. 11272 GC, provides where the action may be brought; it is a venue statute. Sec. 8623-129 GC, provides how service shall be made on a statutory agent when the action is properly instituted. In this case the action is not properly instituted in Franklin County. Process statutes do not control venue statutes. 9 Fletcher, Encyclopedia of Private Corporations, Permanent Edition, Section 4353.

The statutory agent is not a "chief officer" of a corporation within the meaning of §11272 GC.

All motions to quash the service of summons were properly sustained. In passing on the motions first filed the court in its written opinion found venue to be in Cuyahoga County, but this finding was not carried into the final entry. Under facts in this case the order sustaining the motion to quash. without more, was not a final order. Towne v. The National Refinery Co., 10 Oh Ap 265; Carr v. Marion Masonic Temple Co., 67 Oh Ap 521. The validity of the service on a statutory agent remains the principal

issue in the case. On this issue the court sustained the motion and dismissed the action, giving rise to an appealable order.

Finding no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

MILLER and HORNBECK, JJ, concur.