**BLACKBURN MOTOR COMPANY, a corporation (Plaintiff), Appellant,**

v.

**BENJAMIN MOTOR COMPANY, a corporation (Defendant),**

**Ford Motor Company, a corporation, Garnishee (Defendant), Respondent.**

No. 30382.

St. Louis Court of Appeals.

Missouri.

Nov. 15, 1960.

Motion for Rehearing or to Transfer to Supreme Court Denied Dec. 13, 1960.

W. W. Sleater, III, and Suelthaus & Krueger, St. Louis, for appellant.

Hanlon & Busch, John F. Hanlon, Clayton, for respondent.

RUDDY, Judge.

An attachment suit was instituted by plaintiff against defendant, Benjamin Motor Company, a corporation, and in aid of said attachment a writ of garnishment was issued and served on the Ford Motor Company, a corporation, as garnishee. From an order of the trial court sustaining garnishee's motion to quash the writ of garnishment plaintiff appeals.

Plaintiff in its action against defendant invoked the provisions of the attachment statute alleging that defendant was a nonresident of the State of Missouri. The Sheriff's office of the County of St. Louis, through its Deputy, Richard Law, served the Writ of Attachment and the Garnish-

ment in aid thereof on November 14, 1958, upon Mrs. McKinney. The return of the Sheriff, after stating that he found no goods, chattels, or real estate, of the defendant in the County of St. Louis, further stated:

"* * * thereupon, by order of the attorney for plaintiff, I executed said writ in said County of St. Louis at the hour of 11 o'clock and 26 minutes a. m. on the 14th day of November, 1958, by declaring in writing to Ford Motor Company, a corporation, M.E.L. Division, a corporation, by delivering said written declaration, directed to said corporation to Mrs. McKinney, secretary to plant controller of said corporation, he being in the business office of said corporation and having charge thereof, and I attached in its hands all debts due from it to said defendant * * *, and all goods, moneys, effects, rights, credits, chattels, choses in action, and evidences of debt, of, belonging to, the said defendant, * * *."

The return further stated that the summons of garnishment was served on the said "Mrs. McKinney, secretary to plant controller thereof" and that he summoned said garnishee to answer such interrogatories as might be exhibited and propounded to said garnishee by the plaintiff.

Plaintiff filed interrogatories on January 13, 1959. Garnishee, Ford Motor Company, failed to file an answer to said interrogatories. On January 26, 1959, the trial court granted a default and inquiry as to said garnishee and ordered that the cause against the said garnishee be heard on February 27, 1959. On the last mentioned date the garnishee, Ford Motor Company, filed its motion "to quash writ of Garnishment and to set aside order of default and inquiry." In this motion said garnishee alleged that it was, "appearing specially for the purpose of this motion" and asked the court to set aside the order of January 26, 1959, granting default and

inquiry as to said garnishee and to quash the writ of garnishment and gave as its reason that the trial court lacked jurisdiction over "the person of the said Ford Motor Company and over the subject matter of the garnishment." One of the grounds alleged in support of its motion is as follows:

"1. The notice of garnishment was not served upon the president, secretary, treasurer, cashier, or other chief or managing officer of this corporation."

On the day the motion to quash the writ of garnishment was filed, the court, by order, sustained that part of the motion asking the court to set aside the order of default and inquiry and set the remaining matter contained in the motion to quash the writ of garnishment for. hearing on April 3, 1959. At this hearing the garnishee introduced into the record the return of the Sheriff on his service of the Writ of Attachment and the Garnishment in aid of said attachment. He then offered the testimony of Mrs. Mary Lou McKinney. She testified that she was employed as Secretary to Mr. Miller, the Plant Controller at the St. Louis Assembly Plant of the Ford Motor Company, and in describing her duties she said she handled all the correspondence for the plant controller and acted as his personal secretary. She did no hiring or firing of employees and directed none of the work of the office or plant. She had no supervisory powers of any kind.

In her cross-examination she stated that when Mr. Miller was absent from the plant she would accept service of the garnishment writs from the various deputy sheriffs and constables who served them. She thought the number of writs of garnishment served on her would average two to three per week. She testified that to her knowledge the Ford Motor Company never raised any questions in the past about the manner of service of the writs of garnish-

ment. However, she did say that she only accepted the writs when they concerned an employee of the Ford Motor Company and in connection with other writs of garnishment she would not accept them and directed the serving officer elsewhere.

Plaintiff introduced in evidence two court records of other garnishment proceedings for the purpose of showing that the Ford Motor Company did not complain about the manner of service in those cases, which service was similar to that in the instant case. The records showed that the Ford Motor Company paid the employees' wages into court pursuant to the writs of garnishment.

It was stipulated by counsel for the respective parties that Deputy Sheriff Richard Law would testify, if he appeared as a witness for plaintiff, "that he has served garnishments on the Ford Motor Company for two years as a deputy sheriff and ten years prior to that time as a deputy constable and during that . period of time * * * he served garnishments upon Mrs. McKinney." It was further stipulated that Mrs. McKinney was secretary to the controller of the plant and prior to her employment as such he would serve the garnishment papers on her predecessor. At no time, to the best of his knowledge, was the service ever questioned by the Ford Motor Company. The matter was then taken under submission by the trial court. Thereafter, on oral motion of plaintiff, the court set aside the submission and heard additional testimony offered by the plaintiff.

At this hearing Deputy Sheriff Richard Law testified that when serving writs of garnishment he never did try to serve any of the officers and never did try to ascertain who was the managing officer of the plant. He was asked if he had ever received any instructions as to the person to be served with writs of garnishment and he answered, "When I first started in the Sheriff's office I went out there and told them who I was. I identified myself. I was new, and they told me who I served and they called Mrs. McKinney."

█ The applicable part of Section 525.050 RSMo 1949, 35 V.A.M.S., pertinent to the questions before us reads as follows:

"Notice of garnishment shall be served on a corporation, in writing, by delivering such notice, or a copy thereof, to the president, secretary, treasurer, cashier or other chief or managing officer of such corporation."

In one of the points asserted by plaintiff it states that the Sheriff's return is regular on its face and is not subject to collateral attack. It is fundamental that an action which has for its purpose the impeachment or nullification of a sheriff's return is not permitted. Majewski v. Bender, Mo.App., 237 S.W.2d 235. The garnishee's motion to quash the writ of garnishment in the instant case has no such purpose. It seeks to show that on the face of the Sheriff's return it is obvious service of the notice of garnishment as provided in the aforementioned statute has not been complied with.

Plaintiff in its brief asserts that the return "clearly states that the sheriff had found Mrs. McKinney in the business office of the said corporation and having charge thereof for the purpose of this service." The return of the Sheriff makes no such statement. It clearly states that he served Mrs. McKinney, secretary to the plant controller of said corporation, "*he* being in the business office of said corporation and having charge thereof * * *." This return does not state or pretend to state that Mrs. McKinney was one of the officers authorized to be served or that she was a "chief or managing officer of such corporation." It clearly states that she was served in her capacity as secretary to one alleged to have been in charge of said business office. It does not show that service was had on the one alleged to have had charge of said business office. The only

person served according to the face of the Sheriff's return was Mrs. McKinney. Therefore, garnishee's motion to quash is not an attempt to nullify or impeach the Sheriff's return. The motion merely seeks to demonstrate that the face of the return shows a failure to comply with the statutory direction for service.

The principal contentions asserted by plaintiff are that the garnishee, Ford Motor Company, has waived its right to question the service of the notice of garnishment because it recognized and honored previous garnishments served upon Mrs. McKinney and that it is estopped to deny the correctness of the service of the notice of garnishment because it had instructed the Sheriff's office to serve a certain employee.

In support of the aforesaid contentions plaintiff cites a number of authorities which we have examined. None of the cases cited involve the provisions of, either, the attachment or the garnishment statutes and, therefore, are of no help to plaintiff in the instant case. We think it significant that plaintiff failed to attempt to distinguish its case from the many cases where the points raised by plaintiff herein were fully discussed and were ruled against the contentions made.

Recently we ruled in the case of C. Rallo Contracting Company v. Blong, Mo.App., 313 S.W.2d 734, that notice of garnishment is the means by which the jurisdiction of the court is established over the property or debt garnished, and is an indispensable prerequisite to the jurisdiction over the property or debt sought to be reached by plaintiff, citing Gates v. Tusten, 89 Mo. 13, 14 S.W. 827, and Howell v. Sherwood, 213 Mo. 565, 112 S.W. 50. We also said in the case of C. Rallo Contracting Company v. Blong, supra, that "jurisdiction of the court over the res can neither be waived nor conferred by consent." 313 S. W.2d loc. cit. 737. To the same effect see Federal Truck Co. of St. Louis v. Mayer, 216 Mo.App. 443, 270 S.W. 407.

In the Rallo case the notice of garnishment was served on a bookkeeper-clerk and we held that service of the notice of garnishment on her did not give the court jurisdiction over the indebtedness owed by the Rallo Company to the Blongs. This holding was predicated on a construction of the phrase "or other chief or managing officer" contained in Section 525.050, supra, to the effect that the statute in this respect required service on a duly constituted executive officer whose authority and powers are such that he is regularly in control of the operations and business of the corporation.

■ A strict compliance with the statutory requirements is a prerequisite to support the court's jurisdiction over the garnishment proceedings. C. Rallo Contracting Company v. Blong, supra; Kurre v. American Indemnity Co. of Galveston, Texas, 223 Mo.App. 406, 17 S.W.2d 685; State ex rel. Shaw State Bank v. Pfeffle, 220 Mo.App. 676, 293 S.W. 512. The only material distinction between the cases we have referred to and the instant case (with the exception of Gates v. Tusten, supra) is that the aforementioned cases involved garnishments in aid of an execution, whereas, in the instant case the garnishment is in aid of an attachment. However, the rule is the same in both instances.

"Garnishment is an auxiliary proceeding, growing out of and dependent upon another original or primary action or proceeding, and this, regardless of whether it was resorted to in aid of a pending action before judgment, or in aid of an execution for the enforcement of a judgment recovered in the principal action or proceeding, or is commenced concurrently with the principal action." Milliken v. Armour & Co., 231 Mo.App. 662, 104 S.W.2d 1027, loc. cit. 1028.

In both instances (attachment and garnishment) it is the property of a third party which the law pursues.

The case of Gates v. Tusten, supra, was a suit by attachment and the rule, heretofore stated, applicable to garnishments in aid of execution was applied to garnishments in aid of attachment, viz., that the garnishee was powerless to waive any prerequisites to the jurisdiction of the court over the property.

In the case of Trinidad Asphalt Mfg. Co. v. Standard Oil Co., 214 Mo.App. 115, 258 S.W. 64, loc. cit. 67, which was an attachment proceeding, the court said:

"No act of the garnishee, or order of the court, could deprive the defendant of the right to insist that if his property is to be taken from him against his will it shall be done strictly in the mode prescribed by statute."

Attachment and garnishment proceedings are in derogation of the common law and wholly the creation of the statute law. Trinidad Asphalt Mfg. Co. v. Standard Oil Co., supra. All of the requirements imposed by the statutory law must be strictly complied with and that is true of the requirements governing service of the writ or notice of the garnishment. No voluntary act of the garnishee, not in strict compliance with the requirements of the statutes, can constitute a waiver of the statutory prerequisites. Every step of the law must be strictly followed, insofar as the garnishee is concerned, before jurisdiction is acquired over the property of defendant in the lands of the garnishee. From what we have said it becomes crystal clear that even though the Ford Motor Company, as garnishee in other proceedings, recognized and honored previous notices of garnishment served upon Mrs. McKinney, it would not constitute a waiver of the need for strict compliance with the statutory requirements governing service in the instant case. This is true, because, as we said, every step of the proceeding must find a clear sanction in the statutory law and the court cannot obtain jurisdiction over the property of the defendant in the hands of the garnishee through any act or consent of the garnishee that does not conform to the statutory requirements. Mrs. McKinney was not one of the persons designated by the statutes to receive service of the notice of garnishment. What we have said applies with equal vigor to the defense of estoppel asserted by plaintiff.

■ Plaintiff next urges that the garnishee is guilty of laches in failing to timely move to quash the writ of garnishment or the service of the Sheriff's return thereto. There is no merit to this contention and this becomes clear when it is realized the trial court never did acquire jurisdiction over the property because of failure to serve the notice of garnishment on one of the parties prescribed in the statute.

■ Plaintiff also contends that the garnishee, by asking for affirmative relief in setting aside the default and inquiry granted by the court, entered a general appearance. The garnishee limited its appearance to the purpose of its motion and did not generally appear in the case. Additionally, what we have said about the inability of the garnishee to create a waiver by any act or consent disposes of this point raised by plaintiff.

■ Finally, plaintiff complains that the garnishee in its motion requested the court to quash the writ of garnishment and that the court erred when it entered an order quashing the service. Garnishee's motion was based on the ground that the notice of garnishment was not served in accordance with the statute. The court's order merely sustained this ground. We see no error in the form of the court's order.

The order and judgment of the trial court should be affirmed. It is so ordered.

WOLFE, P. J., and ANDERSON, J., concur.