STATE of Missouri at the relation of AS-SOCIATED TRANSPORT COR-PORATION, Relator,

v.

Honorable Michael F. GODFREY, Judge, Circuit Court of the City of Saint Louis, Missouri, Respondent.

No. 33858.

St. Louis Court of Appeals, Missouri.

March 1, 1971.

W. W. Sleater, St. Louis, for relator.

Sestric, Sestric, Sweet & McGhee, Anthony J. Sestric, St. Louis, for respondent.

DOWD, Judge.

In this original proceeding in prohibition, relator, Associated Transport Corporation seeks to prevent respondent, as Judge of the Circuit Court of the City of Saint Louis from allegedly exceeding his jurisdiction by exercising authority over the garnishee and the res upon the present service of the garnishment. We issued the preliminary writ.

On May 23, 1963, the Circuit Court of the City of Saint Louis granted Wanda Brissette a divorce and custody of the two minor children and ordered the husband George Brissette to pay $25.00 per week for support of each of the children, $15.00 per week for alimony and an additional attorney's fee of $300.00.

Mrs. Brissette ordered an execution on this judgment alleging that the sum of $3,900 was due on the judgment and requested that a garnishment in aid of the execution be served upon Associated Transport Corporation.

The sheriff's return of service of the notice of garnishment was as follows:

"No goods, chattels, or real estate found in the City of St. Louis, Mo., belonging to the within named defendant George B. Brissette whereon to levy the writ hereto attached and make the debt and costs, or any part thereof; thereupon, by order of the attorney for plaintiff, I executed said writ, in said City of St. Louis, at the hour of 11 o'clock and 40 minutes A.M., on the 9 day of January, 1970, by declaring in writing to Associated Transport Corporation, a corporation, by delivering said written declaration, directed to said corporation to J. Glover, Operations Manager of said corporation, he being in the business office of said corporation and having charge thereof, that I attached in its hands all debts due from it to said defendant as above and all goods, moneys, effects, rights, credits, chattels, choses in action and evidences of debt, of, belonging to, the said defendant as above or so much thereof as would be sufficient to satisfy the debt, interest and costs in this suit, and by summoning it in writing as garnishee, and I, at the same time, by said direction, further executed said writ by summoning said corporation as garnishee, by declaring to it in writing, by delivering a summons of garnishment in writing directed to said corporation, to said J. Glover, Operations Manager thereof, that I summoned it to appear before the Circuit Court for the City of St. Louis, at the

Court House in said City, at the return term of said writ to-wit: On the 6 April 1970 to answer such interrogatories as might be exhibited and propounded to it by the within named plaintiff.

"The President or other chief officer of said corporation could not be found in the City of St. Louis at the time of service."

J. Glover, who was served with the notice of garnishment by the sheriff and designated on the return as "Operations Manager", testified before the trial court as follows: He is employed by Associated Transport Corporation as operations manager and it is his job to see that the freight is moved in and out of the terminal. He has nothing to do with the office, or the hiring and firing. He has nothing to do with the payroll which is prepared in New York. He takes no part in management decisions which are also made in New York. He takes no part in union negotiations or "things like that." His superior at this location is George Brissette.

On cross-examination, he stated he was hired by Mr. Kawin who was terminal manager at the time. Neither the president, vice-president, secretary, treasurer or personnel manager are located where he works. The highest ranking official of the company at this location is George Brissette, and he is the next highest official to George Brissette. On the day he was served, George Brissette was present and he saw the papers.

On April 24, 1970 the respondent denied a motion to quash the garnishment. This motion alleged:

"5. This Court lacks jurisdiction over the person of the Garnishee, Associated Transport Corporation, and over the subject matter of the garnishment, for the reason that the Notice of Garnishment was not served upon the president, secretary, treasurer, cashier, or other chief or managing officer of this corporation."

An application for a writ of prohibition then followed. As said, a preliminary writ was issued. Respondent filed a motion to dismiss which we will consider with this appeal.

Relator contends that the Circuit Court did not obtain jurisdiction over the res of the garnishment or over the person of the garnishee because of the failure to serve the notice of garnishment in compliance with Section 525.050.[1]

Relator further contends that the court erred in overruling the motion to quash the garnishment and that prohibition is a proper proceeding to prevent the respondent from acting in excess of his jurisdiction. We agree.

■ The pertinent part of Section 525.-050 ("Notice of garnishment, how served on corporations.") states: "Notice of garnishment shall be served on a corporation, in writing, by delivering such notice, or a copy thereof, to the president, secretary, treasurer, cashier or other chief or managing officer of such corporation; * *."

The return of the sheriff of the notice of garnishment shows that it was not served on any of the officers as required by Section 525.050. Service was made on J. Glover, "Operations Manager." "Operations Manager" is not one of the persons designated by this statute as a proper person upon whom the sheriff is authorized to serve a notice of garnishment.

This very section (525.050) was construed by this court in C. Rallo Contracting Company v. Thomas J. Blong Painting Co., Mo.App., 313 S.W.2d 734, and Blackburn Motor Co. v. Benjamin Motor Co., Mo. App., 340 S.W.2d 155. In C. Rallo, supra, the notice of garnishment was served on Ann Dattilo as "Chief Clerk." The testimony was that Ann Dattilo was a book-

1. All statutory references are to RSMo 1969, V.A.M.S.

keeper-clerk, not an officer, and that when none of the officers of the company was in the office she had charge of it to see that the work progressed and that everything went all right. The court was asked to liberally construe Section 525.050 so as to hold that by "or other chief or managing officer" the General Assembly meant to include an employee of a corporation whose duties, functions and responsibilities are such that delivery of the notice of garnishment to him would advise the corporation of the garnishment proceedings. This the court refused to do and held that the court had no jurisdiction over the indebtedness because of the failure to comply with Section 525.050. Likewise, this court in Blackburn Motor Company, supra, in analyzing this same section cited C. Rallo, supra, with approval and held that there must be strict compliance with the statutory requirement to support the court's jurisdiction over the garnishment proceeding.

The court in C. Rallo pointed out at l. c. 737 of 313 S.W.2d that the notice of garnishment is the means by which the jurisdiction of the court is established over the property or debt garnisheed, and is an indispensable prerequisite to jurisdiction citing Gates v. Tusten, 89 Mo. 13, 14 S.W. 827; Howell v. Sherwood, 213 Mo. 565, 112 S.W. 50. And because the purpose of the notice of garnishment is to establish the court's jurisdiction over the res, the authorities hold that a strict compliance with the statutory requirements is a prerequisite to support the court's jurisdiction over the debt garnisheed. C. Rallo Contracting Co. v. Thomas J. Blong Painting Co., supra, l. c. 737 of 313 S.W.2d; Kurre v. American Indemnity Co. of Galveston, Texas, 223 Mo. App. 406, 17 S.W.2d 685; State ex rel. Shaw State Bank v. Pfeffle, 220 Mo.App. 676, 293 S.W. 512; Blackburn Motor Co. v. Benjamin Motor Co., supra, [3].

Further, the court in C. Rallo at l. c. 738 of 313 S.W.2d construed the phrase "or other chief or managing officer" in the light of the other corporate officers enumerated in the section to mean "a duly constituted executive officer whose authority and powers are such that he is regularly in control of the operations and business of the corporation."

As said, the notice of garnishment was served on J. Glover, "Operations Manager." The term "Operations Manager" is not a person designated by the statute. Nor does J. Glover's duties show that he fell within the category of "or other chief or managing officer." His job was to see that the freight is moved in and out of the terminal. He had nothing to do with hiring, firing or management decisions. In fact, the record showed that it was not J. Glover but rather George Brissette who was "the highest ranking official" at this terminal. J. Glover had nothing to do with the office or with the payroll or negotiations on union contracts. The record is clear that J. Glover had no corporate power or authority which would constitute him as its executive officer regularly in charge of its operation and business.

We therefore hold that the court did not acquire jurisdiction over the res of the garnishment by the service of the notice of garnishment on J. Glover.

Respondent contends that prohibition is not a proper remedy where direct appeal is proper. It is true that prohibition cannot be used as a substitute for appeal. State ex rel. Berbiglia, Inc. v. Randall, Mo., 423 S.W.2d 765 [8]. However, it has been consistently held that prohibition is the proper remedy to prevent a court from making an order which it has no jurisdiction to make. State ex rel. Taylor v. Nangle, 360 Mo. 122, 227 S.W.2d 655; State ex rel. Mode O'Day Frock Shops of Hollywood v. Holt, Mo.App., 260 S.W.2d 345 [2]. It was likewise stated in State ex rel. Boll v. Weinstein, 365 Mo. 1179, 295 S.W.2d 62, 67 that where a court is proceeding without jurisdiction prohibition will lie to prevent further action.

Counsel for respondent cites Kaimann v. Kaimann Bros., Inc., Mo.App., 175 S.W.2d 66 as authority for the proposition that the

court did obtain jurisdiction over the garnishee by the service on J. Glover. However, our Supreme Court took this case on certiorari (State ex rel. Kaimann v. Hughes, 352 Mo. 1187, 181 S.W.2d 524) and ordered the opinion quashed. State ex rel. Kaimann v. Hughes, supra, is not in point. It was not a garnishment action and did not involve Section 525.050. It involved a discussion of the service of notice required to terminate a month to month tenancy preliminary to the bringing of an unlawful detainer action.

Respondent's motion to dismiss is denied. The preliminary writ is made absolute.

BRADY, P. J., and WOLFE, J., concur.